[S. F. No. 1644.  In Bank.—June 30, 1900.]

In the Matter of the Estate of JAMES G. PORTER, Deceased. T. G. YOUNG, Administrator, Appellant, v. STATE OF CALIFORNIA, Respondent.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—BEST INTEREST OF ESTATE — CONSTITUTIONAL LAW.—Section 1536 of the Code of Civil Procedure, providing that "when it appears to the satisfaction of the court that it is for the advantage, benefit, and best interest of the estate and those interested therein that the real estate, or some part thereof, be sold, the executor or administrator may sell any real as well as personal property of the estate upon the order of the court" is constitutional and valid.

ID.—RIGHTS OF HEIRS—EFFECT OF PREVIOUS STATUTE.—The rights of the heirs of an intestate are controlled by a statute in force at the time of the death of the intestate, regulating the administration of the estate or the sale of its property.

APPEAL from a judgment of the Superior Court of Sonoma County.  S. K. Dougherty, Judge.

The facts are stated in the opinion.

W. F. Cowan, D. E. McKinlay, and C. H. Pond, for Appellant.

W. F. Fitzgerald, Attorney General, and Tirey L. Ford, Successor, for Respondent.

HAYNES, C.—James Porter died intestate in the county of Sonoma in November, 1897, leaving an estate consisting of real and personal property, the latter being more than sufficient to pay all debts and liabilities of the estate and the costs and expenses of administration. He left, however, no known heirs, relatives, or other person who would be entitled to inherit his estate, and the court so found.

The court also found as follows: "That said real estate is expensive to properly maintain and manage; that a portion of the same is planted to vines which need the constant care and attention of some person qualified to attend to the same; that the remainder of said real estate required to be cultivated and the fruit trees growing thereon attended to; that the fences and buildings on said premises will become dilapidated unless properly attended to; that said real estate, by reason of its not being occupied by some person interested therein, will deteriorate and depreciate in value; that said real estate can be sold at the present time for a better price than if sold later; that it will be difficult to lease said premises for a fair compensation by reason of there being no dwelling-house thereon; that the expense of maintaining and caring for said premises by said administrator, if he is compelled to employ labor and help therefor, will largely exceed the revenues derived therefrom, and coupled with the taxes to be annually collected on said premises will be a source of expense which will be a disadvantage to the parties entitled to said estate."

As a conclusion of law the court found that it had no jurisdiction to make the order prayed for, and denied the petition, and from that order this appeal is taken.

The court placed its refusal to grant the order upon the ground that the following provision found in section 1536 of the Code of Civil Procedure is unconstitutional: "Or when it appears to the satisfaction of the court that it is for the advantage, benefit, and best interests of the estate, and those interested therein, that the real estate, or some part thereof, be sold, the executor or administrator may sell any real as well as personal property of the estate upon the order of the court."

The portion of said section above quoted was inserted therein by an amendment approved March 23, 1893. Prior to said amendment property of the estate was authorized to be sold for the payment of the family allowance, or debts due from the decedent, expenses of administration, or payment of legacies.

It is said the court below relied principally upon the case of *Brenham v. Story*, 39 Cal. 179, to justify its conclusion that it had no jurisdiction to make the order prayed for. That case arose under a special act of the legislature passed in 1861 (Stats. 1861, p. 152), after the death of Charles White, authorizing his administrator to sell any portion of the real estate held, claimed, or owned by White at the time of his death, as in the judgment of the administrator would best promote the interests of those entitled to said estate; and said act was held invalid upon the ground that the title to the property had vested in the heirs before the passage of the act, subject only to the power of the court to order a sale for the purposes specified by the statute in force at the time of White's death. The distinction, however, between that case and this lies mainly in the fact that here the amendment of 1893 was in force before the death of Porter, and therefore the estate vested in the heir, if any he had, subject to the exercise of the power given to the court by the amended statute. This amended statute has heretofore been called to the attention of this court in but one case, so far as I am aware, namely, in *Estate of Packer*, 125 Cal. 396.[1] In that case *Brenham v. Story, supra,* was followed because Packer died, while a resident of this state, before the said amendment of 1893 was enacted; and for that reason this court declined to consider whether said amendment was constitutional when applied to the property of persons dying after its passage, as that question did not arise. Here, the question is properly before us and must be decided.

It is a fundamental proposition that governments are formed, among other things, for the protection, not only of the rights of property, but of property itself; and its power to provide for the custody, care, and the descent and distribution of the property of intestates, real and personal, as well as the disposition of it by will, is unquestioned. (*In re Wilmerding*, 117 Cal. 281, 284.) It is true that under our statute upon the death of the

---

[1] 73 Am. St. Rep. 58.

ancestor the property of the intestate at once vests in the heir; but it vests subject to conditions imposed by the statute, such as the qualified possession and control of the administrator, under the direction of the court, for its care, and its appropriation to the payment of the debts of the decedent, expenses of administration, and other liabilities enumerated in the statute; but the right of the heir to inherit the estate being itself the creature of the statute, there can be no question as to its power to impose these liabilities upon the estate, subject to which the property vests in the heir. That the administrator, under the control and direction of the court, is charged with the duty of preserving the property until final distribution cannot be doubted. He must, if there are funds, preserve the title to the real estate by the payment of taxes, and its value by making necessary repairs, and is entitled to receive the rents and profits until the estate is settled, and must "preserve it from damage, waste, and injury." So the administrator, under the order of the court, at any time after receiving letters may sell "perishable and other personal property likely to depreciate in value, or which will incur loss or expense by being kept" (Code Civ. Proc., sec. 1522), whether there are debts or other liabilities to be paid or not; and this direction of the statute has no other basis than that of the preservation of the best interests of those in whom the statute vests the right of property, when it is not required to meet some charge imposed by law, and cannot be immediately delivered to the heir. So perishable property may be attached under a disputed contract liability, and be sold by order of the court before the defendant's liability is established.

These instances in which the state, by its statutes, disposes of private property are familiar and unchallenged, and are based upon the duty and power of the government to prevent injury by converting one kind of property into another for the benefit of the owner.

The statute before us involves no different principle, nor the exercise of any different power. We see no difference in principle between the sale of "personal property likely to depreciate in value, or which will incur loss or expense by being kept," and the sale of real estate under the facts found by the court in this case, nor any difference in the exercise of legislative power in

the two cases. The statute under consideration divests no one of his property, but authorizes one's real estate to be transmuted into personal property under such circumstances that the consent of the owner, if capable of giving it, would be presumed. The administration is in a condition to be closed if there were known heirs to whom it could be distributed. If none should appear, it will escheat to the state under the provisions of the Civil Code, sections 1404 to 1406. But in *People v. Roach*, 76 Cal. 294, it was held that a proceeding on behalf of the state, for the purpose of obtaining a decree that the estate had escheated to the state, is premature if commenced within five years after the death of the intestate. This estate must, therefore, remain in the hands of the administrator until such proceeding can be taken, unless within that time an heir capable of inheriting it should appear.

The order denying the petition should be reversed, with directions to the court below to amend its conclusions of law to conform to this opinion, and grant an order of sale as prayed for.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order denying the petition is reversed, with directions to the court below to amend its conclusions of law to conform to this opinion, and grant an order of sale as prayed for.

<div style="text-align:right">

Henshaw, J.,  McFarland, J.,
Temple, J.,  Van Dyke, J.,
Harrison, J.