[S. F. No. 16405. In Bank.—January 10, 1941.]

FREDERICK KLOPSTOCK et al., Petitioners, v. SUPE-RIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

14

Joseph T. O'Connor and Leo R. Friedman for Petitioners.

H. U. Brandenstein, Samuel M. Samter and J. J. Posner, of Counsel, for Respondent.

GIBSON, C. J.—This is a petition for a writ of mandate to compel the respondent superior court to dismiss an action, after a general reversal of the judgment rendered at the previous trial.

The facts concerning the controversy are fully stated in a prior appeal. (*Samter* v. *Klopstock Realty Co.*, 31 Cal. App. (2d) 532 [88 Pac. (2d) 250].) In 1926, Klopstock Realty Company, a corporation, had been organized, with its entire stock held by three brothers, Isaac, Frederick and Samuel Klopstock, who were also its directors. In 1933 Isaac died, leaving a will appointing his wife, Grace, and his brother, Frederick, co-executors. In 1935, while the estate was in probate, Grace Klopstock died, and Samuel Samter was appointed executor of her will.

Thereafter, Samter commenced the present action on behalf of the corporation to compel the two surviving brothers to repay to the corporation certain sums alleged to have been wrongfully withdrawn. Named as defendants were the two brothers, Frederick and Samuel, and the corporation. One David Klopstock was also named as a defendant but he is not important to this action since a judgment in his favor has become final. The complaint followed the usual form of a stockholder's representative suit, and included the allegation that a demand upon the corporation to act would be futile in view of its domination by the other defendants.

The theory upon which the plaintiff Samter proceeded was that the stockholder, Isaac Klopstock, had died leaving his property to his wife, Grace Klopstock, and that she was therefore the beneficial owner of the stock. Upon her death plaintiff, as her executor, brought this action on behalf of the corporation.

Defendants filed a general demurrer to the complaint, which was overruled, and the action was tried without a jury. The trial court gave judgment in favor of the Estate of Isaac Klopstock against the two brothers, Frederick and Samuel.

The District Court of Appeal reversed the judgment, holding it void on the ground that Isaac's estate was not a party to the action. The court also declared that plaintiff Samter was not the proper party to bring the action on behalf of the corporation, and that this objection could be raised by general demurrer for failure to state a cause of action and was not waived by failure to demur specially. (*Samter* v. *Klopstock Realty Co., supra.*)

Subsequently Frederick Klopstock was removed as executor in a separate proceeding. (See *Estate of Klopstock,* 31 Cal. App. (2d) 568 [88 Pac. (2d) 722].) Thereafter plaintiff Samter sought leave from the trial court to file an amended and supplemental complaint in which Flora Short, the newly appointed administratrix of the estate of Isaac Klopstock, was named as plaintiff. Defendants moved to dismiss the action on the ground that under the decision of the District Court of Appeal in *Samter* v. *Klopstock Realty Co., supra,* the first complaint did not state a cause of action in the plaintiff, and that this fundamental defect could not be cured by amendment. The trial court nevertheless granted the application to file the amended and supplemental complaint and denied the motion to dismiss.

This petition for mandate to compel a dismissal of the action was then filed. The theory of petitioners, defendants in the original action, is that the action was filed by a stranger wholly without right or interest in the subject of the litigation, and that the addition or substitution of the administratrix of the Estate of Isaac Klopstock as plaintiff was, in effect, the institution of an entirely new suit on a different cause of action, which cannot be accomplished by an amendment of the complaint.

It is true that in the original action the plaintiff Samuel Samter was not the proper person to bring an action on behalf of the corporation. ▮ A stockholder's representative suit has been called a "derivative action" for the reason that the wrong to be redressed is one against the corporation, and normally the corporation would bring the suit. Where, however, the corporation fails or refuses to act after proper demand, the stockholder's ultimate interest in the corporation is sufficient to justify the bringing of a "propulsive" action, designed to set in motion the judicial machinery for the redress of the wrong to the corporation. (*Hawes* v. *Oakland,* 104

U. S. 450 [26 L. Ed. 827]; *Difani* v. *Riverside County Oil Co.*, 201 Cal. 210 [256 Pac. 210]; *Whitten* v. *Dabney*, 171 Cal. 621 [154 Pac. 312]; Ballantine, Private Corporations [1927], sec. 188; Stevens, Corporations [1936], secs. 163 et seq.; 23 Cal. L. Rev. 174.)

If the stockholder dies, the legal representative of his estate obtains the authority and powers of the stockholder during the time of administration, including the possession and control of the property (Civ. Code, secs. 328b, 328d, 330.1, 330.20, 318, 321, 320b, 320c; *Smith* v. *San Francisco and North Pac. Ry. Co.*, 115 Cal. 584 [47 Pac. 582, 56 Am. St. 119, 35 L. R. A. 309]; *Market Street R. Co.* v. *Hellman*, 109 Cal. 571 [42 Pac. 225]; see *Estate of Vance*, 152 Cal. 760 [93 Pac. 1010]; *McCaughey* v. *Lyall*, 152 Cal. 615 [93 Pac. 681]; *Estate of Porter*, 129 Cal. 86 [61 Pac. 659, 79 Am. St. 78]; *Robertson* v. *Burrell*, 110 Cal. 568 [42 Pac. 1086]), and may sue in his stead on causes of action which the deceased stockholder had at the time of his death. (Prob. Code, sec. 573 et seq.; Code Civ. Proc.. sec. 369; *Holland* v. *McCarthy*, 177 Cal. 507 [171 Pac. 421].) An heir or legatee cannot bring the action in his own name until actual distribution of the shares to him. (*Estate of Clark*, 190 Cal. 354 [212 Pac. 622]; *Holland* v. *McCarthy, supra; Miller* v. *Ash*, 156 Cal. 544 [105 Pac. 600]; *Robertson* v. *Burrell, supra.*)

Thus, in the original action the suit on behalf of the corporation should have been brought by the legal representative of the deceased stockholder, Isaac Klopstock, and neither a legatee nor anyone representing the legatee (as, in this instance, the plaintiff Samter) was entitled to bring the derivative action to redress the wrong to the corporation, prior to the actual distribution of such shares to the legatee's estate.

It is contended that this defect was merely one of lack of capacity to sue on the part of the plaintiff Samter. We do not believe that this accurately states the nature of the defect.

If it were lack of capacity to sue, the defect would have been waived by a failure to demur to it specially. (*Moore* v. *Lauff*, 30 Cal. App. 452, 454 [158 Pac. 557]; *Spreckels* v. *Grace Darling Hosp. Assn.*, 28 Cal. App. 646 [153 Pac. 718]; *Swamp and Overflowed Land District No. 110* v. *Feck*, 60 Cal. 403.) It has been held, however, under similar code provisions existing in many states that a demurrer for lack

of capacity to sue raises only the question of whether the plaintiff is free from general disabilities, such as infancy or insanity, or if he sues in a representative capacity, that he actually possesses the character in which he sues. (*Brown* v. *Critchell*, 110 Ind. 31, 34 [7 N. E. 888, 11 N. E. 486]; *Louisville & N. R. Co.* v. *Brantley's Admr.*, 96 Ky. 297, 302 [28 S. W. 477, 49 Am. St. Rep. 291]; *Poe* v. *Sheridan County*, 52 Mont. 279, 290, 291 [157 Pac. 185]; *Farrell* v. *Cook*, 16 Neb. 483, 484 [20 N. W. 720, 49 Am. Rep. 721]; *Lyon Co. Bank* v. *Lyon Co. Bank*, 57 Nev. 41, 47 [58 Pac. (2d) 803, 60 Pac. (2d) 610]; *Bank of Havana* v. *Magee*, 20 N. Y. 355, 359; *Weidner* v. *Rankin*, 26 Ohio St. 522, 525; *First Nat. Bank of Watertown* v. *Eddy*, 47 S. D. 297, 298 [198 N. W. 554]; *McKenney* v. *Minahan*, 119 Wis. 651, 656 [97 N. W. 489]; *Littleton* v. *Burgess*, 16 Wyo. 58, 71 [91 Pac. 832, 16 L. R. A. (N. S.) 49]; Pomeroy, Code Remedies, 5th ed., sec. 125; cf. *Thompson* v. *Union Fishermen's etc. Co.*, 118 Or. 436 [235 Pac. 694, 246 Pac. 733], *contra*, with strong dissent.)

Decisions under Code of Civil Procedure, section 430, subdivision 2, which permits a demurrer for lack of capacity to sue have not answered this question definitively. *Dicta* are found in some California cases which lend support to the position that a special demurrer for lack of capacity to sue can be used to test whether the plaintiff has stated a cause of action in himself. (See, for example, *Town of Susanville* v. *Long*, 144 Cal. 362, 364 [77 Pac. 987].) ▉ We believe the better rule to be that laid down by the cases cited, *supra*, that such a special demurrer for want of capacity to sue raises only the question of whether any general legal disability exists, such as infancy or insanity, or want of title in the plaintiff to the character in which he sues. In *Ward* v. *Petrie*, 157 N. Y. 301, 311 [51 N. E. 1002, 68 Am. St. Rep. 790], this distinction was explained as follows: "There is a difference between capacity to sue, which is the right to come into court, and a cause of action, which is the right to relief in court. Incapacity to sue exists when there is some legal disability, such as infancy or lunacy or a want of title in the plaintiff to the character in which he sues. The plaintiff was duly appointed receiver and has legal capacity to sue as such and, hence could bring the defendants into court by the service of a summons upon them even if he had no cause of action against them. On the other hand, an infant

has no capacity to sue, and, hence, could not lawfully cause the defendants to be brought into court even if he had a good cause of action against them. Incapacity to sue is not the same as insufficiency of facts to sue upon.'' This distinction has also been noted in California. ▮ Cases have held that a general demurrer for failure to state a cause of action should be sustained where the complaint may state a cause of action in someone, but not in the plaintiff. (*Dixon* v. *Cardozo*, 106 Cal. 506 [39 Pac. 857]; *People* v. *Haggin*, 57 Cal. 579, 587; *Lindsey* v. *Superior Court*, 100 Cal. App. 37, 40 [279 Pac. 837]; see, also, 21 Cal. Jur. 99.) It follows, therefore, that the general demurrer originally filed by the defendants in the action of *Samter* v. *Klopstock Realty Co.* should have been sustained.

▮ We now come to the decisive question whether, after the reversal by the District Court of Appeal, it was within the discretionary power of the trial court to permit the amendment of the complaint which, in effect, substituted the proper plaintiff in the action, i. e., Flora E. Short as administratrix of the estate of the deceased stockholder, Isaac Klopstock. Petitioners contend that since no cause of action was stated by the original complaint and since the decision on appeal inferentially held that a general demurrer on that ground should have been sustained, no course was open for the trial court but to dismiss the action. Code of Civil Procedure, section 473, provides: ''The court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party . . . '' The same section provides further, that the court may, in its discretion and after notice, allow ''an amendment to any pleading or proceeding in other particulars . . . '' This statutory provision giving the courts the power to permit amendments in furtherance of justice has received a very liberal interpretation by the courts of this state. (*Rabe* v. *Western Union Tel. Co.*, 198 Cal. 290, 300 [244 Pac. 1077]; *Frost* v. *Witter*, 132 Cal. 421, 424 [64 Pac. 705, 84 Am. St. Rep. 53]; 21 Cal. Jur. 190 et seq.) This position is clearly in accord with the modern theories of code pleading, which would permit amendment in the discretion of the court unless an attempt is made to present an entirely different set of facts by way of the amendment. (Clark, Code Pleading, p. 514.) Nor is this liberal policy

of permitting amendments in furtherance of justice any different merely because a general demurrer for failure to state a cause of action has been sustained. "For the most common kinds of amendments are those in which complaints are amended that do not state facts sufficient to constitute a cause of action." (*Frost* v. *Witter, supra,* p. 525; *Dixon* v. *Cardozo, supra; People* v. *Haggin, supra,* p. 583.)

Of course, the court's power to permit amendments of pleadings is not unlimited. It has generally been said that an amendment may not be permitted where the effect of such amendment is to state "another and distinct cause of action." (*Dubbers* v. *Goux,* 51 Cal. 153, 155; Clark, Code Pleading, p. 502 et seq.) But this court has said, "it is obvious that the unqualified way in which the rule is sometimes stated— i. e., that a new or different cause of action cannot be introduced by amendment—cannot be accepted. For the most common kinds of amendments are those in which complaints are amended that do not state facts sufficient to constitute a cause of action; and in these, and often in the case of new parties, a new cause of action is in fact for the first time introduced. All that can be required, therefore (to use the language of Mr. Pomeroy), is that 'a wholly different cause of action' shall not be introduced . . . " (*Frost* v. *Witter,* 132 Cal. 421, 424 [64 Pac. 705, 84 Am. St. Rep. 53]; 21 Cal. Jur. 197 et seq.) In determining whether a wholly different cause of action is introduced by the amendment technical considerations or ancient formulae are not controlling; nothing more is meant than that the defendant not be required to answer a wholly different legal liability or obligation from that originally stated. As the court says in the Frost case (*supra,* p. 426), for the purpose of determining whether amendment is possible, the "cause of action" referred to as furnishing the test means only the legal obligation which it is sought to enforce against the defendant. Other courts have used almost identical language; the test is not whether under technical rules of pleading a new cause of action is introduced, but rather, the test is whether an attempt is made to state facts which give rise to a wholly distinct and different legal obligation against the defendant. The power to permit amendment is denied only if a change is made in the liability sought to be enforced against the defendant. (See *Harriss* v. *Tams,* 258 N. Y. 229, 242 [179 N. E. 476].)

 In the present case plaintiff Samter sought on behalf of the corporation to enforce against the defendants exactly the same liability which is the basis for the relief now sought on behalf of the corporation. In the furtherance of justice and in the exercise of its discretion, the trial court permitted the amendment which brought Flora E. Short, as administratrix of the estate of the deceased stockholder, into the action as the nominal plaintiff. Since the corporation is the ultimate beneficiary of such a derivative suit, it is clear that the particular stockholder who brings the suit is merely a nominal party plaintiff. (*Whitten* v. *Dabney*, 171 Cal. 621, 630 [154 Pac. 312] ; *Russell* v. *Weyand*, 5 Cal. App. (2d) 259, 260 [42 Pac. (2d) 381].) The defendants have been fully apprised since the filing of the original complaint of the facts which are relied upon to state a right to relief against them in behalf of the corporation. Under the facts of this case, therefore, we hold that the amendment complained of did not constitute the statement of a wholly different cause of action which would prevent amendment of the complaint, but, on the contrary, was well within the liberal discretion which is granted to the courts by Code of Civil Procedure, section 473.

Our conclusion in this regard is supported by the reasoning of decisions both in California and elsewhere. In *Curtis* v. *Nye & Nissen*, 86 Cal. App. 507, 512, 513 [261 Pac. 747], the complaint on a written instrument was brought by an individual plaintiff. Upon a showing that a corporation was the party having the right to bring the action, the trial court permitted an amendment of the complaint stating a right of recovery in the corporate plaintiff instead of in the individual who brought the suit. It was held that this was not an attempt to set up a new cause of action and the court quoted from *Gray* v. *Alderson's Admr.*, (Ky.) 123 S. W. 317 : ''The pleading in no way changed the cause of action. It was still an effort to collect the same notes set up and described in the original petition.'' It is emphasized by the court that the defendant was in no way surprised by the amendment and had been given a full opportunity to make a defense. In *Cox* v. *San Joaquin Light etc. Co.*, 33 Cal. App. 522 [166 Pac. 578], a death action was brought by the heir of the decedent, although the statute required that the action be brought by the personal representative of the decedent. After the running of the period prescribed by the statute of limita-

tions, the trial court permitted the complaint to be amended to state the cause of action in the personal representative. The court held that there was no attempt to state a wholly different cause of action since the same facts were relied upon for recovery in each instance. In *Reardon* v. *Balaklala Consol. Copper Co.*, 193 Fed. 189, which has been cited with approval in many California decisions, the death action was brought by the next of kin of the decedent. After the statutory period of limitations had run, the court permitted an amendment of the complaint which for the first time stated the cause of action in the personal representative of the decedent, a different individual, as was required by the statute. Against the same contentions now being advanced in the case before us the court said (p. 191): "It should be borne in mind . . . that the substantive cause of action counted on in the amended complaint has not been changed. It remains precisely the same as that stated in the original pleading. No new facts are alleged as a ground of recovery, the only change being in the name of the plaintiff and the capacity in which he sues; while the father still remains the beneficiary of the recovery sought. This being so, the change effected by the amendment is obviously in no just sense the bringing of a new action. It is one of form rather than of substance, and in the interests of justice is to be treated as such, rather than to adopt a view which would result in an irretrievable bar to all remedy. Under the modern doctrine, the discretionary power of the court to such end is to be liberally exerted in favor of, rather than against, the disposition of a case upon its merits." (See, to the same effect, *Van Camp* v. *McCulley*, 89 Ohio St. 1 [104 N. E. 1004].)

The alternative writ heretofore issued is discharged, and the peremptory writ denied as to defendants Frederick Klopstock, Samuel Klopstock and the Klopstock Realty Company. The peremptory writ is granted as to David Klopstock, in whose favor the judgment has become final.

Shenk, J., Curtis, J., Edmonds, J., and Carter, J., concurred.

A petition for a rehearing and a petition to modify the judgment were denied February 6, 1941. Carter, J., voted to modify the judgment.