[Civ. No. 2857. Fourth Dist. June 14, 1943.]

O. W. CARPENTER, Appellant, v. RAYMOND L. BLAN-CHERI, Respondent.

Joseph S. Campbell and Clarence Harden for Appellant.

Monroe & McInnis for Respondent.

BARNARD, P. J.—This is a malpractice action, the defendant being a dentist. So far as material here, the complaint alleged that the plaintiff employed the defendant to extract twenty-two teeth; that after twelve teeth had been extracted an infection developed in plaintiff's jaw; that on October 7, 1940, "the defendant injected into the plaintiff's right arm on the inside of the elbow with a hypodermic needle, a poisonous substance, the character and quantity of which was at said time, and still is, unknown to plaintiff"; that immediately thereafter said arm became very painful and began to swell, causing the plaintiff to become very sick; that plaintiff was compelled to and did call a physician to treat his arm; that on November 9, 1940, the plaintiff was compelled to undergo a surgical operation on his arm "to remove tissue, which surgical operation was made necessary by reason of the said defendant's injecting said poisonous substance in the plaintiff's said arm"; and that "the said treatment administered to the plaintiff by the defendant as above described was negligent and not in accordance with the usual and ordinary practice of dentistry in San Diego County." In his answer, the defendant admitted that on October 7, 1940, "he administered to plaintiff an intravenous injection for the purpose of counteracting and controlling infection in plaintiff's system," but denied all allegations relating to negligence on his part.

The action was tried before a jury. In his opening state-ment plaintiff's counsel stated, among other things, that he would prove that the defendant undertook to give the plain-tiff an intravenous injection and that, "he missed the vein." The defendant's counsel then stated that he would object to the introduction of any evidence to the effect that the de-fendant had negligently or unskillfully made this injection or that he had missed the vein. Briefly stated, it was con-tended that no such negligence was alleged in the complaint, that the complaint merely alleged an improper diagnosis and the giving of a treatment not recognized as proper by the profession, and that no evidence for the purpose of showing that the treatment was improperly administered was admis-sible. The court agreed with the defendant's theory and throughout the trial sustained objections to all questions de-signed to show that in making this injection the defendant had missed the vein or that his manner of making the injec-tion was in any way negligent or improper. Moreover, the court refused to permit the plaintiff to amend his complaint by alleging that the defendant had missed the vein and that the injection administered by him had been negligently and unskillfully performed. This amendment was refused on the ground that it would set up an entirely new cause of action and that the request therefor came too late, more than one year having elapsed since the cause of action accrued.

The defendant, called under section 2055 of the Code of Civil Procedure, testified that he gave the plaintiff a hypo-dermic injection on his right forearm near the elbow and that he administered "or attempted to administer a hypo-dermic, intravenous injection, in the plaintiff's arm"; that the drug he administered was "mapharsen"; that this drug might be poisonous if eaten but would not be poisonous if it was injected into someone's arm and the vein was missed; that the plaintiff complained of pain; that a little later the witness arranged for a physician to see the plaintiff and that when he reported this to the plaintiff he was informed that they had already called another doctor. The witness, how-ever, was not allowed to answer a question as to whether or not he had inserted the needle in the vein in the plaintiff's arm.

The physician who was called by the plaintiff on October 7, 1940, testified that he examined the plaintiff's arm; that he determined that the trouble was caused by a "foreign

body'' in the arm; that he ascertained that the plaintiff had received an injection in the arm; that the foreign material in the arm was causing the trouble; that "when a foreign body is put in the tissues it is painful, particularly foreign bodies of the type he had injected in his arm"; that "this substance had been injected into the tissues"; and that "the injection of this mapharsen into the tissues of plaintiff's arm was the cause of the pain and the swelling." The witness was then not allowed to answer the question "Where then should it have been injected?" The witness then testified that mapharsen was a proper treatment for the condition that existed in plaintiff's mouth, but that he did not know whether or not it was the usual or ordinary practice for a dentist to give this treatment. Objections were then sustained to questions as to whether the manner in which this substance had been injected had anything to do with the plaintiff's condition and as to whether he could determine whether or not the drug had been properly administered.

At the close of plaintiff's case a motion for a nonsuit was granted, and the plaintiff has appealed from the judgment entered in favor of the defendant.

 The main questions here presented are whether this complaint charges a negligent diagnosis only and whether, under the allegations thereof, all evidence with respect to the manner in which the treatment was administered was properly excluded. The complaint alleges that there was injected into the appellant's arm, with a hypodermic needle, a poisonous substance the character and quantity of which are unknown to the appellant, that a surgical operation to remove tissue was made necessary by this injection, and that the treatment thus administered was negligent and not in accord with the usual practice in that community. The gist of this charge is that through the negligent injection of this substance the tissues of the appellant's arm were so injured as to require surgical removal. While the complaint is not a model we think it cannot be said that, by its terms, it is confined to a charge of improper diagnosis and the use of the wrong remedy. The general allegations of negligence and of injury to the tissues of appellant's arm caused by this injection are broad enough to cover the injection of a proper substance in an improper manner or the injection of a substance that should not have been injected at all. If the respondent, although using a proper substance, missed the vein and in-

jected it into the tissues where it ought not to be, it was still a negligent injection into the arm, which is alleged. The matter of whether or not the respondent "missed the vein" is a matter of proof rather than one of pleading. The complaint alleged that the respondent improperly injected something into the appellant's arm and it makes no difference, so far as the pleading is concerned, whether he injected the wrong substance or injected a proper substance in the wrong part of the arm. There was evidence that this substance was injected into the tissues of the appellant's arm, and that such an injection into the tissues would cause the sort of trouble which here resulted. Not only was this evidence disregarded by the court but the appellant was prevented, by the court's rulings, from bringing out any direct evidence as to the manner in which the respondent had made this injection. The court erred in these respects and it follows that a nonsuit should not have been granted.

If it be assumed that the complaint was not sufficient for the purpose above indicated no good reason appears for refusing to permit the amendment offered. We are unable to agree with the respondent's contention, and with the court's holding, that the amendment offered set up such a new or changed cause of action as to be improper under the circumstances which here appear. (*Klopstock* v. *Superior Court*, 17 Cal.2d 13 [108 P.2d 906, 135 A.L.R. 318].)

The judgment is reversed.

Marks, J., and Griffin, J., concurred.