[Civ. No. 22145. Second Dist., Div. Two. May 20, 1957.]

EARL E. THOMAS, Appellant, v. LEILA R. BRUZA, Respondent.

*Assigned by Chairman of Judicial Council.

Arthur Garrett for Appellant.

Parker, Stanbury, Reese & McGee and Kenneth R. Garrett for Respondent.

MOORE, P. J.—Appellant sued to recover damages alleged to have resulted from injuries suffered from a blow adminis-

tered to him by one Peter Chavez, a drunk man. The parties were in a saloon whose proprietor had been requested on numerous occasions not to furnish Mr. Chavez alcoholic beverages sufficient to cause him "to become intoxicated thereon." After the jury had been empaneled and a witness had been sworn, defendants' objection to the first question and to plaintiff's motion to amend his complaint having been sustained, defendants' motion for judgment on the pleadings was granted. Now, on appeal it is contended that such rulings were prejudicially erroneous and that the judgment should be reversed.

The complaint alleges that appellant was in defendants' establishment by invitation; that with knowledge that one Chavez is pugnacious and quarrelsome when drunk, respondent received him in a sober condition and served alcohol to him "until and after said defendant, PETE CHAVEZ, became intoxicated"; that respondent previously had refused to discontinue serving Chavez alcohol until the latter had become inebriated; that as a proximate result of the blow, appellant "was injured in his health, strength and activity, received . . . numerous contusions about the body and person . . . receiving multiple fractures of the right leg" etc.

The serious feature of the pleading has been the subject of similar causes presented to the appellate courts. No allegation of a negligent supervision of the saloon appears. Neither does the complaint allege that respondent had an opportunity to prevent the battery or that the blow was dealt in the presence of respondent. There is no allegation that the injuries of appellant were the proximate result of respondent's negligence. ■ Interpreting the complaint liberally, the most that can be reasonably inferred is that respondent sold to Chavez alcoholic beverages knowing him to be quarrelsome and pugnacious when drunk; that Chevez became intoxicated and struck appellant and that the blow caused the latter's injuries. Such allegations are not enough to state a cause of action against respondent. (*Cole* v. *Rush,* 45 Cal.2d 345, 354, 355 [289 P.2d 450]; *Fleckner* v. *Dionne,* 94 Cal.App.2d 246, 249 [210 P.2d 530]; *Hitson* v. *Dwyer,* 61 Cal.App.2d 803, 808 [143 P.2d 952].) In the Cole case it was not the sale of the liquor that caused the drunkenness of plaintiff's husband, but the consumption thereof that dethroned his social instincts. The defendants had not only knowledge that when Cole became intoxicated he was quarrelsome and pugnacious, but that prior to his fatal visit to the "Tropic Isle" of de-

fendants, Mrs. Cole had specifically requested the defendants "not to sell or furnish intoxicating beverages" to her husband sufficient to intoxicate him. They spurned her warnings. Mr. Cole purchased liquors from defendants, became belligerent and quarrelsome, fought with one Franklin Leonard and was by him mortally wounded. It was there held that the common law[1] gives no remedy for injury or death following the mere sale of liquor to the ordinary man; that no statute has been enacted by California to take the place of or to set aside the common law; that it is the consumption of intoxicants which is the proximate cause of any subsequent conduct rather than the sale thereof. (*Cole* v. *Rush, supra.*) The decisions of this state are in unanimous accord that the sale of alcoholic beverages to a person is not a basis for him or his heirs to recover from the dispenser of such beverages for injuries suffered by a willfully bibulous patron who had become intoxicated by the alcoholic beverages purchased by such patron from the proprietor of the place. (*Fleckner* v. *Dionne, supra*; *Hitson* v. *Dwyer, supra*; *Lammers* v. *Pacific Electric Ry. Co.*, 186 Cal. 379, 384 [199 P. 523].)[2]

While it is clear that merely by reason of the sale of the intoxicating liquor to Chavez appellant is not entitled to recover from respondent, yet the complaint indicates that it might be so amended as to declare a valid cause of action. Respondent was concededly operating a barroom where the proprietor is obligated to be on the alert for quarrelsome and pugnacious characters who may at any time come to provoke others or to breach the peace. ▮ It is true that the mere sale of an alcoholic beverage to a bibulous and pugnacious person is not actionable, yet, if the proprietor of a saloon is so negligent as to the character of his patrons who frequent his establishment that he is as likely to cause damage to his innocent patrons by neglecting to guard them against the violence of known pugnacious, drunken men and evildoers as by neglecting to prevent a good citizen from falling on a newly waxed floor or from falling through a trapdoor into

---

[1] "'The common law of England, so far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or laws of this State, is the rule of decision in all the courts of this State.'' Civ. Code, § 22.2; *Cole* v. *Rush*, 45 Cal.2d 345, 355 [289 P.2d 450].

[2] Alcoholic beverages are not included in "habit-forming drugs," the sale of which has, at times, entitled a wife to recover from the vendor the damages caused by the consumption of such merchandise. (Rest., Torts, vol. 4, § 696.)

his cellar, then he is liable for his negligent failure to protect the innocent patron.

The result of a proprietor's negligence where he has knowledge of a customer's pugnacious character was the subject of a learned opinion by Judge Dimond in the federal court of Alaska in *Cherbonnier* v. *Rafalovich,* 88 F.Supp. 900. The facts in evidence were similar to those at bar. The plaintiff had alleged that while he was eating in the defendants' saloon, one Hobson, who was then in a drunken condition, without provocation by plaintiff, threatened plaintiff with bodily harm. Thereupon the defendants' servant immediately sold Hobson more drinks; while plaintiff was still eating, Hobson maliciously attacked the plaintiff and severely injured him. The attack was made with full knowledge of the defendants' servant who not only made no attempt to protect the plaintiff but in fact aggravated the situation by serving Hobson drinks while the latter was intoxicated. The court dismissed the complaint as was done in the action at bar, approved the holdings such as those cited herein, but concluded that (1) plaintiff should have been allowed to amend his complaint to show that the defendants' servant had knowledge of Hobson's threat to do the plaintiff bodily harm before he served the last of the intoxicating liquor to Hobson and (2) the plaintiff should be permitted to allege, if he could do so, that Hobson was known to be of a violent disposition or that he was likely to commit a battery while under the influence of liquor. By such additional allegations it was thought that the complaint would declare a case of negligence in the operation of the saloon. Therefore, the court authorized the plaintiff to apply for leave to amend his complaint.

The proprietor of a place where intoxicating liquors are dispensed owes a duty of exercising reasonable care to protect his patrons from injury at the hands of fellow guests. Any guest of such a place has the right to assume that he is in an orderly house and that the proprietor or his employees will exercise reasonable care in maintaining appropriate decorum. (30 Am.Jur., p. 574.) Such is the law of California as decided recently in *Winn* v. *Holmes,* 143 Cal.App.2d 501 [299 P.2d 994]. In that case, plaintiff was assaulted by other patrons following threats of such action. She alleged in substance that this was known to the defendant proprietor and that he did nothing to prevent the assault. On appeal from the judgment after the demurrer had been sustained without leave to amend, it was held that an owner's duty to his invitees requires him to exercise reasonable care against in-

juries due not only to the conditions of the premises, but he "must use reasonable care to protect them against injury through the negligent or wrongful acts of other invitees on the premises where he has reasonable cause to anticipate such acts and the probability of injury resulting therefrom. [Citations; also see 106 A.L.R. 1003.] . . . A person who enters a restaurant to eat a quiet meal has a right to assume that the management will use reasonable care to guard him against injury. . . . The proprietor's duty arises from his control over the premises and his power to restrain or expel offenders against the peace and safety of the premises." At any restaurant which dispenses intoxicating liquors, the operator owes the duty to exercise reasonable care to protect his guests from injury at the hands of fellow guests. A guest of such place has a right to rely upon the presumption that it is an orderly house and that its proprietor or his employees will preserve order and avoid injury to the guests. (*Peck* v. *Gerber*, 154 Ore. 126 [59 P.2d 675, 106 A.L.R. 996].)

In the instant action the court below had its attention directed to the California holdings that a mere sale of liquor to a pugnacious person does not constitute a valid cause of action against the vendor. It was not advised by the pleading that the proprietor of a saloon is under duty to look out for and guard his guests against accidents and vicious people. While the acts alleged did not state a cause of action, it is not improbable that the plaintiff can allege other acts of neglect which would make the proprietor of the saloon liable to a quiet, conservative patron injured by reason of negligence. In such event, the amendment should be allowed. ▉ A lawsuit is not a game to be won by the cleverest performer, but is a solemn action authorized to right wrongs and to determine where justice lies.

Section 473, Code of Civil Procedure, has received very liberal interpretations. ▉ An amendment should be allowed unless an attempt is made to present an utterly different set of facts. (*Klopstock* v. *Superior Court*, 17 Cal.2d 13, 19 [108 P.2d 906, 135 A.L.R. 318].) ▉ Not even a change of theory regarding the basis of recovery is a change of the cause of action or the introduction of a different action. (*Pruitt* v. *Fontana*, 143 Cal.App.2d 675, 683 [300 P.2d 371].) A litigant should not be deprived of his right to amend merely because his complaint did not state a cause of action. The commonest variety of amendments is that made to a pleading which did not state facts sufficient to constitute a valid com-

plaint. (*Klopstock* v. *Superior Court, supra*, p. 20.) All that can be required is that a wholly different cause of action shall not be introduced. As a test of the proposed amendment the law means that the defendant not be required to answer a wholly different legal liability from that originally stated. (*Ibid.*) Respondent argues that an amendment should be denied where a new cause of action would be stated. But this does not mean that an amendment may not change the legal theory of the complaint. (*Wennerholm* v. *Stanford University School of Medicine*, 20 Cal.2d 713, 718 [128 P.2d 522, 141 A.L.R. 1358].)

■ Here no change in theory is contemplated. Appellant's motion was to amend his "complaint by inserting after the comma on page 3, line 27, the following words : 'and said other defendants negligently failed to protect plaintiff from said assault or to preserve order for the protection of plaintiff.' " The denial of such amendment or any amendment on the plaintiff's first application that would make the pleading a valid cause of action is not such liberal treatment of a pleader as is suggested by the decisions of the appellate courts. (*Klopstock* v. *Superior Court, supra.*)

It is ordered that the judgment is reversed with instructions to allow plaintiff to file an amended complaint as herein suggested, if he be so advised.

Ashburn, J., and Richards, J. pro tem,* concurred.

---

*Assigned by Chairman of Judicial Council.