[No. S132433. July 24, 2006.]

THOMAS BRANICK et al., Plaintiffs and Appellants, v.
DOWNEY SAVINGS AND LOAN ASSOCIATION, Defendant and
Respondent.

236

## Counsel

Milberg Weiss Bershad & Schulman, Jeff S. Westerman, Sabrina S. Kim, Kristin McCulloch, Peter Sloane, Ann M. Lipton, Michael Spencer; Kiesel, Boucher & Larson, Paul R. Kiesel, Raymond D. Boucher, Patrick DeBlase, Anthony M. DeMarco; Lerach Coughlin Stoia Geller Rudman & Robbins, Pamela M. Parker, Timothy G. Blood and Kevin K. Green for Plaintiffs and Appellants.

Thomas Osborne, Michael Schuster and Barbara Jones for AARP as Amicus Curiae on behalf of Plaintiffs and Appellants.

Rothken Law Firm, Ira P. Rothken; Locks Law Firm, Seth Lesser; Jackson, DeMarco Tidus & Peckenpaugh, William M. Hensley; Klafter & Olsen and Jeffrey A. Klafter for California Law Institute as Amicus Curiae on behalf of Plaintiffs and Appellants.

Law Office of Richard R. Wiebe and Richard R. Wiebe for Center for Biological Diversity, Inc., Environmental Protection Information Center and Electronic Frontier Foundation as Amici Curiae on behalf of Plaintiffs and Appellants.

Neighborhood Legal Services, David Pallack; Western Center on Law and Poverty, Richard A. Rothschild; National Immigration Law Center, Sonal

Amegaokar and Linton Joaquin for Consumers Union, Asian Pacific American Legal Center, Maintenance Cooperation Trust Fund and Juan and Manuela Zermeno as Amici Curiae on behalf of Plaintiffs and Appellants.

Roxborough, Pomerance & Nye, Drew E. Pomerance, Vincent S. Gannuscio; Goshgarian & Marshall, Mark Goshgarian and John A. Marshall for Steven Poirer, Douglas Ryan and Dana Poss as Amici Curiae on behalf of Plaintiffs and Appellants.

Hodel Briggs Winter, Matthew A. Hodel, Elizabeth Van Horn, Jennifer D. Henderson, Michael S. Leboff; Snell & Wilmer and Richard A. Deveran for Defendant and Respondent.

Heller Ehrman, Vanessa Wells, Warrington S. Parker III and Daniel K. Slaughter for State Farm Mutual Automobile Insurance Company, The Hertz Corporation and Visa U.S.A. Inc., as Amici Curiae on behalf of Defendant and Respondent.

Pillsbury Winthrop Shaw Pittman, Bruce A. Ericson, John M. Grenfell, Michael J. Kass and Ranah L. Esmali for California Bankers Association as Amicus Curiae on behalf of Defendant and Respondent.

Mayer, Brown, Rowe & Maw, Evan M. Tager and Donald M. Falk for Cingular Wireless LLC as Amicus Curiae on behalf of Defendant and Respondent.

Munger, Tolles & Olson, Ronald L. Olson, Steven B. Weisburd and Dean N. Kawamoto for the California Chamber of Commerce, the California Manufacturers & Technology Association, the California Financial Services Association and the California Motor Car Dealers Association as Amici Curiae on behalf of Defendant and Respondent.

Fred J. Hiestand for The Civil Justice Association of California as Amicus Curiae on behalf of Defendant and Respondent.

## OPINION

**WERDEGAR, J.**—In the companion case of *Californians for Disability Rights v. Mervyn's LLC*, (2006) 39 Cal.4th 223 [46 Cal.Rptr.3d 57, 138 P.3d 207] (*CDR*), we hold that Proposition 64 (Gen. Elec. (Nov. 2, 2004)), which limited standing to sue under California's statutory unfair competition and

false advertising laws (Bus. & Prof. Code,[1] §§ 17200 et seq., 17500 et seq.; see §§ 17203, 17204, 17535), governs pending cases. We granted review in this case to decide whether plaintiffs, whose standing Proposition 64 has revoked, may amend their complaint to substitute a new plaintiff who does enjoy standing and, if so, whether such an amendment relates back for purposes of the statute of limitations to the date on which the original complaint was filed.

We hold as follows: Proposition 64 does not affect the ordinary rules governing the amendment of complaints and their relation back. We thus reject defendant's contention that courts may never permit a plaintiff to amend a complaint to satisfy Proposition 64's standing requirements. Whether plaintiffs *in this case* may amend, however, cannot be determined at this stage of the proceedings because plaintiffs have not yet filed a motion for leave to amend, identified any person who might be named as a plaintiff, or described the claims such a person might assert. On remand, should plaintiffs in fact file a motion to amend, the superior court should decide the motion by applying the established rules governing leave to amend (Code Civ. Proc., § 473) and the relation back of amended complaints (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 408–409 [87 Cal.Rptr.2d 453, 981 P.2d 79]).

## I. Introduction

On February 3, 2003, before the voters approved Proposition 64, plaintiffs Thomas Branick and Ardra Campbell filed a complaint against defendant Downey Savings and Loan Association under the unfair competition and false advertising laws. (§§ 17200 et seq., 17500 et seq.) Plaintiffs alleged defendant had misrepresented and overcharged customers for fees charged by governmental entities to record official documents used in real estate transactions, such as deeds, reconveyances and powers of attorney, among others. Plaintiffs did not allege they had transacted business with defendant, paid fees to defendant, suffered injury in fact, or lost money or property as a result of defendant's alleged practices. Instead, plaintiffs claimed standing to sue on behalf of "the general public" under the language of former sections 17204 and 17535. As relief, plaintiffs sought restitution, interest, injunctive relief, and costs and attorneys' fees under Code of Civil Procedure section 1021.5.[2]

Defendant moved for judgment on the pleadings on the ground that the federal Home Owners' Loan Act (12 U.S.C. § 1461 et seq.) and the regulations promulgated thereunder by the Office of Thrift Supervision (12 C.F.R.

---

[1] All further statutory citations are to the Business and Professions Code, except as noted.

[2] Code of Civil Procedure section 1021.5 permits courts to award attorneys' fees to successful parties in certain actions that have resulted in the enforcement of important rights affecting the public interest.

§ 560.2 (2006)) preempted plaintiffs' claims. The superior court granted the motion and entered judgment for defendant.

Plaintiffs appealed. On November 3, 2004, while the appeal was pending, Proposition 64 took effect, having been approved by the voters the preceding day. (See Cal. Const., art. II, § 10, subd. (a).) The Court of Appeal, after considering the parties' supplemental briefs on the effect of Proposition 64, reversed. Relying on *Gibson v. World Savings & Loan Assn.* (2002) 103 Cal.App.4th 1291 [128 Cal.Rptr.2d 19], the Court of Appeal held federal law did not preempt plaintiffs' claims. Concerning Proposition 64, the court concluded the measure's standing provisions governed pending cases and thus revoked the standing of plaintiffs, who did not allege that they had "suffered injury in fact and [had] lost money or property as a result of [the alleged] unfair competition." (§ 17204.) Finally, the Court of Appeal "remand[ed] the matter to the trial court to determine whether, if there is a request to amend the amended complaint, the circumstances of this case warrant granting leave to amend." "[T]hat issue," the Court of Appeal observed, "was not before the trial court at the time it granted the motion for judgment on the pleadings and dismissed the case . . . ."

Defendant petitioned for review. We granted the petition, directing the parties to brief and argue the following issue: "If the standing limitations of Proposition 64 apply to actions under the Unfair Competition Law that were pending on November 3, 2004, may a plaintiff amend his or her complaint to substitute in or add a party that satisfies [the] standing requirements of Business and Professions Code section 17204, as amended, and does such an amended complaint relate back to the initial complaint for statute of limitations purposes?"[3]

## II. Discussion

■ After Proposition 64, only those private persons "who [have] suffered injury in fact and [have] lost money or property" (§§ 17204, 17535) may sue to enforce the unfair competition and false advertising laws. Uninjured persons may not sue (§§ 17204, 17535), and private persons may no longer sue on behalf of the general public (Prop. 64, § 1, subd. (f)).[4] Because

---

[3] Defendant also challenged the Court of Appeal's conclusion that federal law did not preempt plaintiffs' claims. We did not, however, designate that issue for briefing and argument. (See Cal. Rules of Court, rule 29(a)(1).)

[4] The uncodified section 1, subdivision (f) of Proposition 64 provides: "It is the intent of California voters in enacting this act that only the California Attorney General and local public officials be authorized to file and prosecute actions on behalf of the general public."

Proposition 64 applies to pending cases (see *CDR, supra,* 39 Cal.4th 223), uninjured plaintiffs who filed suit on behalf of the general public before the measure passed have now lost standing.[5]

Proposition 64 does not expressly address the question whether uninjured plaintiffs whose complaints were pending when the measure took effect may amend their complaints to substitute new plaintiffs who enjoy standing to sue under current law. Defendant argues that to allow substitution would contradict the policy objectives underlying Proposition 64 and is, thus, implicitly forbidden. Defendant refers to the "Findings and Declarations of Purpose" accompanying the measure, in which the voters expressed their understanding that the unfair competition laws were "being misused by some private attorneys who" "[f]ile frivolous lawsuits as a means of generating attorney's fees without creating a corresponding public benefit," "[f]ile lawsuits where no client has been injured in fact," "[f]ile lawsuits for clients who have not used the defendant's product or service, viewed the defendant's advertising, or had any other business dealing with the defendant," and "[f]ile lawsuits on behalf of the general public without any accountability to the public and without adequate court supervision." (Prop. 64, § 1, subd. (b)(1)–(4).) "Plaintiffs' counsel," defendant argues, "should not benefit from their impermissible actions by substituting new plaintiffs and having the new allegations 'relate back' to the filing of the initial complaint."

The argument is not convincing. The policy objectives underlying Proposition 64 are fully achieved by applying the measure to pending cases, as we have concluded it must be applied. (See *CDR, supra,* 39 Cal.4th 223.) An additional rule barring amendments *to comply* with Proposition 64 does not rationally further any goal the voters articulated. Proposition 64, as applied to pending cases, does not permit uninjured private persons to file or to continue prosecuting actions under the unfair competition law. (§§ 17204, 17535; cf. Prop. 64, § 1, subds. (b)(2), (e).) Frivolous actions (cf. Prop. 64, § 1, subd. (b)(1)), both before and after Proposition 64, implicate the rules against malicious prosecution (see *Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 50 [118 Cal.Rptr. 184, 529 P.2d 608]) and abuse of process (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056–1057 [39 Cal.Rptr.3d 516, 128 P.3d 713]), and may also lead to sanctions for frivolous conduct (Code Civ. Proc., § 128.7). In contrast, to bar a meritorious action prosecuted by a substituted plaintiff "who *has* suffered injury in fact and *has* lost money or property as a result of" unfair competition or false advertising (§§ 17204,

---

[5] Given our holding in *CDR, supra,* 39 Cal.4th 223, we need not address plaintiffs' alternative argument that Proposition 64 does not apply to this case.

17535, italics added), serves none of the voters' articulated objectives. Neither can the substitution of plaintiffs with standing under current law fairly be described as permitting plaintiffs' attorneys to "benefit from . . . impermissible actions." To file suit on behalf of an uninjured client before Proposition 64 was not impermissible. To the contrary, the former law expressly conferred standing to sue upon "any person acting for the interests of . . . the general public" without requiring a showing of actual injury. (Former §§ 17204, as amended by Stats. 1993, ch. 926, § 2, p. 5198, 17535, as amended by Stats. 1972, ch. 711, § 3, p. 1300; see *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 561 [71 Cal.Rptr.2d 731, 950 P.2d 1086]; *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 211 [197 Cal.Rptr. 783, 673 P.2d 660].)

■ Having thus concluded that Proposition 64 does not expressly or implicitly forbid the amendment of complaints to substitute new plaintiffs, the question remains whether plaintiffs *in this case* may amend. Code of Civil Procedure section 473 states the governing rule: "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party . . . ." (*Id.*, subd. (a)(1).)[6] "Leave to amend a complaint is thus entrusted to the sound discretion of the trial court. '. . . The exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse. *More importantly, the discretion to be exercised is that of the trial court, not that of the reviewing court.* Thus, even if the reviewing court might have ruled otherwise in the first instance, the trial court's order will yet not be reversed unless, as a matter of law, it is not supported by the record.' " (*Haley v. Dow Lewis Motors, Inc.* (1999) 72 Cal.App.4th 497, 506 [85 Cal.Rptr.2d 352], italics added [permitting plaintiffs to substitute their trustee in bankruptcy]; see generally *Klopstock v. Superior Court* (1941) 17 Cal.2d 13, 19–21 [108 P.2d 906].)

■ Because the voters adopted Proposition 64 while this case was on appeal, plaintiffs have had no opportunity to file a motion in the superior court for leave to amend. We thus do not know the facts that would

---

[6] The relevant subdivision provides in full: "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer or demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars; and may upon like terms allow an answer to be made after the time limited by this code." (Code Civ. Proc., § 473, subd. (a)(1).)

necessarily inform the superior court's discretionary decision on such a motion, such as the identity of any person plaintiffs might attempt to substitute and the nature of the claims any substituted plaintiff might assert. For this reason, and because the decision properly belongs to the superior court in the first instance (*Haley v. Dow Lewis Motors, Inc.*, *supra*, 72 Cal.App.4th 497, 506), the Court of Appeal correctly concluded the matter must be remanded to the superior court to determine whether, if plaintiffs do move to amend their complaint, the circumstances of this case warrant granting leave to amend.

■ To avoid prejudicing the superior court's decision, we will not attempt to render an advisory opinion on a motion plaintiffs have not yet filed. (Cf. *Salazar v. Eastin* (1995) 9 Cal.4th 836, 860 [39 Cal.Rptr.2d 21, 890 P.2d 43] [" 'The rendering of advisory opinions falls within neither the functions nor the jurisdiction of this court.' "].) We may, however, properly address and reject certain categorical arguments defendant has advanced against the granting of leave to amend.

■ Defendants argue plaintiffs should not be permitted to substitute a new plaintiff because their failure to name the new plaintiff in their original complaint was not a mistake. No such rule exists. To the contrary, courts have permitted plaintiffs who have been determined to lack standing, or who have lost standing after the complaint was filed, to substitute as plaintiffs the true real parties in interest. (*Klopstock v. Superior Court*, *supra*, 17 Cal.2d 13, 19–21 [administrator of deceased shareholder's estate substituted as plaintiff in corporate derivative action]; see also *Haley v. Dow Lewis Motors, Inc.*, *supra*, 72 Cal.App.4th 497, 506–509 [trustee in bankruptcy substituted for bankrupt debtors]; *California Air Resources Bd. v. Hart* (1993) 21 Cal.App.4th 289, 300–301 [26 Cal.Rptr.2d 153] [Attorney General substituted for state administrative agency]; *Jensen v. Royal Pools* (1975) 48 Cal.App.3d 717, 720–723 [121 Cal.Rptr. 805] [condominium owners substituted for owners' association]; *Powers v. Ashton* (1975) 45 Cal.App.3d 783, 790 [119 Cal.Rptr. 729] [trustees substituted for nontrustee administrator].) Amendments for this purpose are liberally allowed. (*Klopstock v. Superior Court*, *supra*, at pp. 19–21; 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 1126, p. 581; *id.*, § 1155, p. 614.)

■ The important limitation on the rule just mentioned is that the plaintiff proposed to be substituted may not "state facts which give rise to a wholly distinct and different legal obligation against the defendant." (*Klopstock v. Superior Court*, *supra*, 17 Cal.2d 13, 20.) For this purpose, "[i]n determining whether a wholly different cause of action is introduced by the amendment technical considerations or ancient formulae are not controlling; nothing more

is meant than that the defendant not be required to answer a wholly different legal liability or obligation from that originally stated." (*Ibid.*) Similar principles govern the question whether an amendment relates back, for purposes of the statute of limitations, to the date on which the original complaint was filed. "The relation-back doctrine requires that the amended complaint must (1) rest on the *same general set of facts*, (2) involve the *same injury*, and (3) refer to the *same instrumentality*, as the original one. [Citations.]" (*Norgart v. Upjohn Co., supra*, 21 Cal.4th 383, 408–409.)

Invoking the rules just mentioned, defendant argues that leave to amend must be denied because persons with standing under Proposition 64 would necessarily seek to enforce a different legal obligation than would the current, uninjured plaintiffs. This question, as we have already noted, properly belongs in the first instance to the superior court. As a practical matter, we cannot in any event decide the question before plaintiffs have filed a motion for leave to amend. Given the question's potential factual and legal complexity, and without knowing the identity of the hypothetical new plaintiff or the nature of the claims he or she might assert, for this court to attempt to decide at this stage of the proceedings whether any possible amendment would impermissibly change the nature of the action would be inappropriate.[7]

Finally, defendant argues that plaintiffs who never had standing may not substitute plaintiffs with standing. Defendant relies on *Summit Office Park v. United States Steel Corp.* (5th Cir. 1981) 639 F.2d 1278, an antitrust case in which a federal court refused to permit indirect purchasers to substitute direct purchasers as plaintiffs, after the high court held[8] while the action was pending that indirect purchasers had no standing to sue. The court wrote that, "where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action." (*Summit Office Park*, at p. 1282.) The cited authority is not on point. Plaintiffs here did have standing to sue at the time they filed their complaint. In any event, as we have already explained, California's courts have not followed the same rule. (See *ante*, at p. 243.)

---

[7] The opinion in *Diliberti v. Stage Call Corp.* (1992) 4 Cal.App.4th 1468 [6 Cal.Rptr.2d 563], which defendant describes as involving "[t]he closest factual scenario" to the case before us, is not helpful. In that case, the court did not permit the plaintiff, who had not been injured in the subject automobile accident, to substitute the injured sister in whose place she had mistakenly been named. Plaintiffs in the case before us were not named by mistake; they were properly named as plaintiffs with standing to sue on behalf of the general public (see former §§ 17204, 17535) before Proposition 64 took effect.

[8] In *Illinois Brick Co. v. Illinois* (1977) 431 U.S. 720 [52 L.Ed.2d 707, 97 S.Ct. 2061].

### III. DISPOSITION

The judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Baxter, J., Chin, J., Moreno, J., and Corrigan, J., concurred.