**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CANYON VIEW ESTATES, a general partnership; CHRIS SEIDENGLANZ, an individual; GLORIA SEIDENGLANZ, an individual; KERRY T. SEIDENGLANZ, an individual; MARK SEIDENGLANZ, an individual, | No. 10-55065<br><br>D.C. No. 2:09-cv-00986-SJO-AGR |
| Plaintiffs - Appellees, | MEMORANDUM[*] |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Mutual Bank F.A., a savings and loan association Substituted for Washington Mutual Bank, F.A., as successor in interest to HOMESIDE LENDING, INC., a Florida Corporation, | |
| Defendant - Appellant, | |
| and | |
| JESSE S. HERNANDEZ, an individual; ANDERSON, MCPHARLIN & CONNERS LLP, a California limited liability partnership, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellees,

and

DOES, 1 through 20, inclusive,

Defendant.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 13, 2012
Pasadena, California

Before:    FARRIS and W. FLETCHER, Circuit Judges, and KORMAN, Senior
District Judge.[**]

Plaintiff Canyon View Estates ("Canyon View") sued Defendants Homeside

Lending ("Homeside") and Homeside's Attorneys ("the Attorneys") for malicious

prosecution.  Homeside and the Attorneys filed anti-SLAPP motions to strike the

pleadings pursuant to Cal. Civ. Proc. Code § 425.16(b)(2).  The trial court denied

Homeside's anti-SLAPP motion and granted the Attorneys' anti-SLAPP motion.

Federal Deposit Insurance Corp., as the receiver of Homeside, appeals the

denial of Homeside's anti-SLAPP motion.  Canyon View appeals the grant of the

_____

[**]    The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

Attorneys' anti-SLAPP motion. This court has jurisdiction over a denial of an anti-SLAPP motion as an appealable interlocutory order, and a grant of an anti-SLAPP motion, pursuant to 28 U.S.C. § 1291. *See Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003). We affirm the grant of the Attorneys' anti-SLAPP motion, reverse the denial of Homeside's anti-SLAPP motion, and remand to the district court.

1. *Standard of Review* – We apply the same rules that California state courts apply in ruling on an anti-SLAPP motion. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003). We review an anti-SLAPP ruling *de novo*. *Id.* at 1102. We "consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Civ. Proc. Code § 425.16(b)(2). "[T]he plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 741 (2003) (quotation marks omitted).

To support a claim for malicious prosecution, Canyon View must show that Homeside lacked probable cause to litigate the underlying action. *See Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 867 (1989). Probable cause is a

determination that, on the basis of the facts known to the plaintiff in the underlying suit, the suit was legally tenable. *Id*. at 878. A denial of a defense motion for summary judgment in the underlying suit establishes probable cause, *see Roberts v. Sentry Life Ins.*, 76 Cal. App. 4th 375, 378 (1999), unless the ruling is shown to have been obtained by fraud or perjury, *see Wilson v. Parker, Covert & Chidester*, 28 Cal. 4th 811, 820 (2002). If the ruling was obtained by fraud, a malicious prosecution plaintiff must further show that the court "would have granted summary judgment 'but for'" the fraud. *Antounian v. Louis Vuitton Malletier*, 189 Cal. App. 4th 438, 452 (2010).

2.    *Probable Cause for Declaratory Judgment on the Lien (the Notice Issue)* – In this case, the California Court of Appeal's decision established probable cause for all counts of the Second Amended Complaint. Assuming without deciding that Homeside obtained this ruling by fraud, the alleged fraud was not a "but for" cause of the Court of Appeal's decision. *See Antounian*, 189 Cal. App. 4th at 452 (requiring "but for" causation).

The Rittenhouse Email establishes nothing conclusive of Homeside's receipt of the December 15 notice. It states neither the date SCME forwarded a notice to Homeside nor the date Homeside received such notice. The testimony that SCME regularly forwarded mail to lenders and that Homeside kept no record of incoming

4

mail also fails to establish the relevant dates. None of this evidence would have altered the Court of Appeal's holding that "the entire sequence of events raises triable issues" as to whether Canyon View gave Homeside "a reasonable opportunity to protect its security interest and cure the default."

Canyon View's theory that Homeside assigned the debt to Aurora in March 1998, prior to filing suit, is implausible. Homeside and Aurora have explained that Homeside held and serviced the debt until 2005, assigned it to Aurora in 2005, and repurchased it in 2006. Canyon View's theory is inconsistent with the intent and course of conduct of the actual parties to the assignment.

Finally, as to the type of relief sought, Homeside's claims for declaratory relief "set[] forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and request[ed] that these rights and duties be adjudged by the court." *See Davis v. Santa Ana*, 108 Cal. App. 2d 669, 684 (1952).

3. *Probable Cause for the Fraud Claim* – In the underlying suit, two factors supported probable cause for the fraud claim. First, the Court of Appeal's holding in the consolidated case of *Norwest v. Canyon View Estates* laid out a theory of fraud equally applicable to the facts underlying Homeside's action. Second, the Attorneys suspected that Nancy Stelling of La Quinta dealt with

5

Canyon View on the Allbee loan. Stelling filed a declaration in support of Norwest's fraud claims and worked for the same company that originated the Allbees' loan and the loans in the *Norwest* action.

4.  *Probable Cause for the Equitable Lien* – In the underlying suit, the Court of Appeal ruled that Homeside "would be entitled to an equitable lien on each homeowner/trustor's leasehold interest" even if the deed of trust failed. Nothing about Canyon View's evidence of alleged fraud on the Court of Appeal alters this holding that an equitable lien could exist.

5.  *Probable Cause for the Accounting Claim* – Canyon View re-rented the land and sold the Allbees' home to a new tenant. Because of Canyon View's actions, a claim for accounting is legally tenable. Homeside needed to know how much money Canyon View received from the lease with the new tenant and from the sale of the Allbees' home. *See Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 180 (2009) ("An accounting is a species of disclosure, predicated upon the plaintiff's legal inability to determine how much money, if any, is due.") (quotation marks omitted).

6.  *Probable Cause for Unjust Enrichment and Constructive Trust* – Canyon View's arguments that the claims for unjust enrichment and construction trust lacked probable cause are premised on the belief that Homeside "was not

6

entitled" to "Canyon View's property."  This premise is inconsistent with the Court of Appeal's holding that Homeside had a valid and enforceable lien on the property.

7.      *Probable Cause for Relief from Forfeiture* – Homeside's complaint alleged that even if Canyon View sent timely notices, it deserved relief from forfeiture of its security interest.  A reasonable attorney would have viewed Homeside's claim to have "incur[red] a forfeiture" "by the terms of an obligation," without a "grossly negligent, willful, or fraudulent breach of duty" as legally tenable.  *See* Cal. Civ. Code § 3275.

8.      *Probable Cause for the Cal. Bus. & Prof. Code § 17200 Violation* – In a claim for violation of Cal. Bus. & Prof. Code § 17200, a reasonable attorney would have viewed Homeside, a lender to mobile home tenants, as a proper representative in protecting tenants and lenders from Canyon View's alleged misconduct.  *See Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 735-36 (1998) (private for-profit plaintiff that suffered no injury may sue to obtain relief for others for § 17200 violation).[1]

_____

[1]In 2004, California adopted a voter initiative constricting standing under § 17200.  *See Branick v. Downey Sav. & Loan Ass'n*, 39 Cal. 4th 235, 240 (2006).  Because Homeside filed its complaint before these changes to § 17200 standing took effect, we need not take them into account.

7

9.	*The Attorneys* – Except with respect to the Rittenhouse Email, which the Attorneys learned of belatedly, the Attorneys litigated the claims on the basis of the same facts as Homeside.  *See Daniels v. Robbins*, 182 Cal. App. 4th 204, 222-23 (2010) (evaluating probable cause of a lawyer based on information obtained from client).  Canyon View has not alleged otherwise.  For this reason, the Attorneys had probable cause to the extent Homeside did.

10.	*Conclusion* – Because the pleadings and affidavits fail to state and substantiate a claim for malicious prosecution, we affirm the district court's grant of the Attorneys' anti-SLAPP motion and reverse its denial of Homeside's anti-SLAPP motion.  The case is remanded to the district court for further proceedings consistent with this disposition.

Canyon View, et al. shall bear costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**