[No. B185992. Second Dist., Div. One. Sept. 21, 2006.]

FOUNDATION FOR TAXPAYER AND CONSUMER RIGHTS, Plaintiff
and Appellant, v.
NEXTEL COMMUNICATIONS, INC., et al., Defendants and Respondents.

132

**COUNSEL**

Weiss & Lurie, Jordan L. Lurie, Leigh A. Parker; The Foundation for Taxpayer and Consumer Rights, Harvey Rosenfield and Pamela M. Pressley for Plaintiff and Appellant.

Quinn Emanuel Urquhart Oliver & Hedges, Dominic Surprenant and A. Brooks Gresham for Defendants and Respondents.

**OPINION**

**ROTHSCHILD, J.**—The Foundation for Taxpayer and Consumer Rights (FTCR) appeals from the judgment on the pleadings entered in favor of Nextel Communications, Inc., and Nextel of California, Inc. (collectively Nextel). The FTCR sued Nextel for violation of California's unfair competition law, Business and Professions Code section 17200 et seq. (hereafter UCL).[1] Nextel moved for judgment on the pleadings on the grounds that the standing requirements for claims under the UCL were modified by Proposition 64 and that the FTCR did not meet the modified requirements. The trial court granted Nextel's motion without leave to amend. We reverse, because the FTCR should have been permitted to amend its complaint in order to add or substitute a plaintiff who meets the modified standing requirements.

## BACKGROUND

The FTCR filed its complaint against Nextel in 2003, alleging a single claim for violation of the UCL. The complaint alleged that Nextel had damaged thousands of its customers through various "unfair and illegal" billing policies and practices. But the complaint did not allege that the FTCR itself had been damaged by Nextel's conduct. Rather, the FTCR sued Nextel "in a representative capacity on behalf of the general public pursuant to the [p]rivate [a]ttorney [g]eneral provisions of the [UCL]."

---

[1] All further statutory citations are to the Business and Professions Code, except as noted.

The trial court overruled Nextel's demurrer to the complaint. The FTCR then moved for a preliminary injunction and supported the motion with a declaration from Marlon Campbell, a Nextel subscriber who stated that he had been harmed by the conduct alleged in the complaint. Copies of relevant billing statements were attached to Campbell's declaration. The trial court denied the FTCR's motion on March 3, 2004.

On November 2, 2004, California voters approved Proposition 64, which took effect the following day. (See Cal. Const., art. II, § 10, subd. (a).) Before passage of Proposition 64, section 17204 authorized any person "acting for the interests of itself, its members or the general public" to file a civil action for relief under the UCL. Standing to bring such an action did not depend on a showing of injury or damage. (See *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 211 [197 Cal.Rptr. 783, 673 P.2d 660].) Proposition 64 amended section 17204 by deleting the language quoted above and replacing it with the phrase, "who has suffered injury in fact and has lost money or property as a result of unfair competition." Proposition 64 also amended section 17203, which authorizes courts to enjoin unfair competition, by adding the following words: "Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure, but these limitations do not apply to claims brought under this chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state." (§ 17203.)

On April 22, 2005, Nextel moved for judgment on the pleadings, arguing that Proposition 64's modification of the standing requirements under the UCL applies to pending cases and that the FTCR does not meet those modified standing requirements. In opposition to the motion, the FTCR argued that the modified standing requirements do not apply to pending cases. In the alternative, the FTCR argued that it should be granted leave to amend in order to add plaintiffs "who meet the newly imposed standing requirements of [the UCL]." And a few days before the hearing on Nextel's motion, the FTCR filed an ex parte application for leave to file an amended complaint to add a plaintiff, Campbell, who meets the new standing requirements. Nextel had deposed Campbell in August 2004.

The trial court granted Nextel's motion for judgment on the pleadings without leave to amend. The court entered judgment in favor of Nextel on July 15, 2005, and the FTCR timely appealed.

## STANDARD OF REVIEW

"Review of a judgment on the pleadings requires the appellate court to determine, de novo and as a matter of law, whether the complaint states a cause of action. [Citation.] For purposes of this review, we accept as true all material facts alleged in the complaint. [Citation.] Denial of leave to amend after granting a motion for judgment on the pleadings is reviewed for abuse of discretion. [Citation.]" (*Ott v. Alfa-Laval Agri, Inc.* (1995) 31 Cal.App.4th 1439, 1448 [37 Cal.Rptr.2d 790].) To show an abuse of discretion, the plaintiff has the burden of demonstrating that "there is a reasonable possibility the plaintiff could cure the defect with an amendment." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [6 Cal.Rptr.3d 457, 79 P.3d 569].)

## DISCUSSION

### I. Proposition 64 Applies to Pending Cases

■ On appeal, the FTCR renews its argument that Proposition 64's modification of the standing requirements under the UCL does not apply to cases that were already pending when Proposition 64 became effective. The argument fails because, in an opinion filed after briefing in this appeal was complete, the Supreme Court has held that the modified standing requirements do apply to pending cases. (*Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 227 [46 Cal.Rptr.3d 57, 138 P.3d 207].)

### II. The Denial of Leave to Amend Was an Abuse of Discretion

The FTCR further argues that the trial court abused its discretion when it denied the FTCR leave to amend the complaint. We agree.

■ The Supreme Court has held that Proposition 64 does not itself prohibit the amendment of complaints in pending cases to substitute plaintiffs who meet the modified standing requirements. (*Branick v. Downey Savings and Loan Association* (2006) 39 Cal.4th 235, 239 [46 Cal.Rptr.3d 66, 138 P.3d 214].) Rather, plaintiffs in such cases may seek leave to amend, and trial courts are to grant or deny those requests in accordance with the general standards for amendment of pleadings. (*Ibid.*) Code of Civil Procedure section 473, subdivision (a)(1) states the governing rule: "The court may, in further-ance of justice, and on any terms as may be proper, allow a party to amend

any pleading or proceeding by adding or striking out the name of any party . . . ."

In general, courts liberally allow amendments for the purpose of permitting plaintiffs who lack or have lost standing to substitute as plaintiffs the true real parties in interest. (*Branick v. Downey Savings and..Loan Association, supra,* 39 Cal.4th at p. 243; *Klopstock v. Superior Court* (1941) 17 Cal.2d 13, 19–21 [108 P.2d 906].) "The important limitation on the rule just mentioned is that the plaintiff proposed to be substituted may not 'state facts which give rise to a wholly distinct and different legal obligation against the defendant.' (*Klopstock v. Superior Court, supra,* 17 Cal.2d 13, 20.)" (*Branick v. Downey Savings and Loan Association, supra,* 39 Cal.4th at p. 243.) But "nothing more is meant [by that limitation] than that the defendant not be required to answer a wholly different legal liability or obligation from that originally stated." (*Klopstock v. Superior Court, supra,* 17 Cal.2d at p. 20.)

Applying these standards, we conclude that it was an abuse of discretion to deny the FTCR leave to amend. The proposed amendment would not have required Nextel to answer a wholly different legal liability or obligation from that originally stated. On the contrary, the FTCR sought to add a plaintiff, Campbell, who is allegedly a member of the group of injured persons whom the FTCR originally sought to represent, and who alleges the same misconduct originally alleged by the FTCR. Amendments of this kind are liberally permitted, and there was no reason to prohibit the amendment in this case.

Nextel's arguments to the contrary are without merit. First, Nextel argues that the FTCR "inexcusably delayed seeking permission to amend its complaint until the eve of trial . . . ." The argument fails because the FTCR had no reason to amend its complaint until Nextel sought to apply Proposition 64 to this case. Nextel delayed bringing its motion for judgment on the pleadings until nearly six months after Proposition 64 went into effect, and the FTCR promptly raised the issue of leave to amend in its opposition to Nextel's motion. The FTCR is not responsible for delays occasioned by Nextel's conduct.

Second, Nextel points out that the FTCR did not file a proposed amended complaint when it first requested leave to amend, and Nextel argues that "[i]t is hornbook law in California that where the plaintiff fails to submit a proposed amended complaint with its request for leave to amend, 'it is

almost impossible to show an abuse of discretion in denying the motion.' 5[] Witkin, Cal. Procedure, § 1132, p. 587 (4th ed. 1996) . . . ." (Underscoring omitted.) The argument fails because it misrepresents the proposition of "hornbook law" at issue. In fact, Witkin states (and cites cases that confirm) that "[t]he party seeking leave to amend should submit a copy of the proposed amendment *or make a clear statement of its nature. If this is not done it is almost impossible to show an abuse of discretion in denying the motion.*" (5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 1132, p. 587, italics added.) The FTCR satisfied that requirement by stating, in its opposition to Nextel's motion for judgment on the pleadings, that the FTCR should be granted leave to amend in order to add plaintiffs "who meet the newly imposed standing requirements of [the UCL]."

Third, Nextel argues that the FTCR did not carry its burden of showing a reasonable possibility that it could cure the standing defect through amendment. The argument lacks merit because the FTCR has shown that it could add Campbell as a plaintiff, and the record actually contains evidence—not mere allegations—that Campbell meets the modified standing requirements under the UCL. Nextel also argues that the proposed amended complaint that was attached to the FTCR's ex parte application for leave to amend did not sufficiently allege the elements of a class action, e.g., the existence of predominant common issues of law or fact. The argument fails because the original complaint itself alleged that Nextel had damaged thousands of its customers through various "unfair and illegal" billing policies and practices. Given the nature of the claims against Nextel, we conclude that it is reasonably possible that the FTCR (or Campbell) can properly allege the elements of a class action.

Finally, Nextel argues that the trial court could not have granted the FTCR's ex parte application for leave to amend because such leave must be sought by a noticed motion, not by ex parte application. The argument fails because, regardless of the procedural propriety of an ex parte application for leave to amend in these circumstances, the trial court did have authority to grant a motion for judgment on the pleadings with leave to amend. (Code Civ. Proc., § 438, subd. (h)(1).) No noticed motion or other application was necessary.

For all of the foregoing reasons, we conclude that the trial court abused its discretion when it denied the FTCR leave to amend in order to meet the modified standing requirements under the UCL.[2]

---

[2] Our resolution of this issue makes it unnecessary for us to address Nextel's argument that the FTCR failed to meet the standing requirements under the UCL even without Proposition 64's modifications.

## DISPOSITION

The judgment is reversed, and the case is remanded with instructions to grant the FTCR leave to amend. Appellant shall recover its costs on appeal.

Mallano, Acting P. J., and Vogel, J., concurred.