Filed 10/16/20  Daniels v. Dobalian CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL DANIELS, | B301001 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC706074) |
| v. | |
| CYNTHIA L. MILLER DOBALIAN, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory Keosian, Judge.  Affirmed.

Michael Daniels, in pro. per., for Plaintiff and Appellant.

Hart King, William R. Hart, Rhonda H. Mehlman and Kristen L. Erney for Defendant and Respondent.

——————————

Plaintiff and appellant Michael Daniels (Daniels) appeals a judgment of dismissal following the grant of a motion for judgment on the pleadings on his first amended complaint (FAC) against defendant and respondent Cynthia L. Miller Dobalian (Dobalian).

Daniels has failed to provide an adequate record for appellate review, and has failed in his brief to meet his burden to affirmatively show prejudicial error.  Therefore, the judgment is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

Daniels was a defendant in a criminal proceeding brought against him for driving under the influence (*People v. Daniels*, L.A. Super. Ct. No. BA301458.)  Dr. Gerald W. Miller (Dr. Miller) was an expert for the prosecution in that case.  Daniels claims he suffers a loss of liberty due to a false representation made by Dr. Miller, and Daniels sued Dobalian "as the Legal Heir of [Dr. Miller's] Estate."

In response to the operative FAC, Dobalian filed a motion for judgment on the pleadings.  In an order filed July 25, 2019, the trial court granted Dobalian's motion, stating in relevant part:

"Dobalian moves for judgment against the FAC on the grounds that (1) the negligence claim is time-barred, (2) the complaint seeks damages for a witness's testimony in a criminal proceeding and as such impermissibly targets privileged conduct, and (3) a witness testifying in a criminal trial against a criminal defendant owes no duty of care to the criminal defendant.

---

[1]     This summary is gleaned from the extremely limited record before this court.

2

"Daniels argues that the claim is not time-barred because a 'hearing to modify the Victim Restitution Hearing will provide proof of fraud,' evidently meaning that the delayed discovery rule will apply under Code of Civil Procedure section 340.5. Daniels also argues that Miller's testimony was not privileged, and that Miller owed a duty to him to testify truthfully under the Sixth Amendment of the United States Constitution.

"The court finds the FAC is defective beyond remediation because Miller is immune from tort liability for his testimony, and also owed no duty to Daniels. The Sixth Amendment to the United States Constitution imposes a duty on the state to allow criminal defendants to be confronted with the witnesses against them; on its face it imposes no duty upon those witnesses such that they may be liable in tort for their testimony. In fact, a rule of immunity for such witnesses has a long history in federal law. [Citation.] The authority that Daniels cites in rebuttal establishes only that 'complaining' witnesses—i.e., 'those individuals whose allegations serve to bring about a prosecution' [citation]—do not enjoy absolute immunity. Yet Daniels does not contend that Miller was a 'complaining witness.'

"Accordingly, the Motion for Judgment on the Pleadings is GRANTED without leave to amend."

Daniels filed a timely notice of appeal from the judgment of dismissal.

## ISSUES

Given the nature of the proceeding below, the essential issues presented are whether the trial court erred in granting judgment on the pleadings, and whether it abused its discretion in denying leave to amend.

3

**DISCUSSION**

1. *Standard of appellate review.*

Like a general demurrer, a motion for judgment on the pleadings tests the sufficiency of the complaint to state a cause of action. The court must assume the truth of all factual allegations in the complaint, along with matters subject to judicial notice. (*Stockton Citizens for Sensible Planning v. City of Stockton* (2012) 210 Cal.App.4th 1484, 1491.) A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action. (*York v. City of Los Angeles* (2019) 33 Cal.App.5th 1178, 1193.) The trial court's order granting judgment on the pleadings is subject to this court's de novo review. (*Ibid.*)

The trial court's decision to grant judgment on the pleadings *without* leave to amend is reviewed for an abuse of discretion, and the appellant has the burden to demonstrate there is a reasonable possibility the defect in the pleading could be cured with an amendment. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *Foundation for Taxpayer & Consumer Rights v. Nextel Communications, Inc.* (2006) 143 Cal.App.4th 131, 135.)

2. *Daniels has failed to provide an adequate record for review.*

"Under well-established rules of appellate procedure, . . . the appellant . . . has the burden to provide an adequate record on appeal and to affirmatively show error." (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 622; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 ["It is the appellant's affirmative duty to show error by an adequate record"].) " 'Failure to provide an adequate record on an issue requires that the issue be resolved

4

against [the] appellant. [Citation.]' [Citation.] This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 (*Hotels Nevada*).)

Here, the record does not include a copy of the original complaint, the operative FAC, Dobalian's motion for judgment on the pleadings, Daniels's opposition papers, or Dobalian's reply papers. In that regard, all we have is a one-page excerpt from Daniels's pleading, which is attached to his request for judicial notice as Appendix A, and which shows that Daniels purported to state a cause of action for general negligence against Dobalian as Dr. Miller's "Legal Heir."

Because Daniels has not provided an adequate record for appellate review of the judgment on the pleadings, the issue of the insufficiency of the pleadings must be resolved against him. (*Hotels Nevada, supra,* 203 Cal.App.4th at p. 348.)

3. *Daniels has not met his burden affirmatively to show prejudicial error.*

Apart from the inadequacy of the appellate record, the appellant's opening brief lacks a cognizable legal argument. The brief fails to explain why the order granting the motion for judgment on the pleadings was erroneous, or why the denial of leave to amend constituted an abuse of discretion. Therefore, those issues have been waived. (*Trinkle v. California State Lottery* (2003) 105 Cal.App.4th 1401, 1413.)

The "cardinal rule" of appellate review is that appealed judgments and orders are presumed correct (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187), and the

burden of affirmatively demonstrating prejudicial error is on the appellant. (*Fundamental Investment etc. Realty Fund v. Gradow* (l994) 28 Cal.App.4th 966, 971.) Here, even though the trial court's order granting judgment on the pleadings is subject to this court's de novo review (*York v. City of Los Angeles, supra,* 33 Cal.App.5th at p. 1193), the standard of review does not relieve an appellant of the burden of showing prejudicial error. (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.) Further, the appellant's burden demands more than a mere assertion that the judgment is wrong because "[i]ssues do not have a life of their own," and if issues are not raised or developed with a legal argument supported by citation to authority, they may be treated as waived. (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.)

Here, Daniels has failed to brief the relevant legal issues in connection with the grant of the motion for judgment on the pleadings without leave to amend, and thus has not met his appellate burden to show prejudicial error.[2]

---

[2] Daniels's arguments concerning a victim restitution hearing are beyond the scope of this appeal, which arises from his civil action against Dobalian, and therefore require no discussion.

## DISPOSITION

Daniels's request for judicial notice (request filed June 18, 2020) is granted.  The judgment of dismissal is affirmed. Dobalian shall recover her appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

DHANIDINA, J.

7