Filed 2/23/23  Hacker v. Levy CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| RON HACKER, Plaintiff and Appellant, v. HENRI LEVY et al., Defendants and Respondents. | B317325 (Los Angeles County Super. Ct. No. 19STCV12728) |

APPEAL from judgments of the Superior Court of Los Angeles County, Theresa M. Traber, Judge.  Affirmed.

Law Offices of Vincent Quigg and Vincent Quigg for Plaintiff and Appellant.

Krishel Law Firm and Daniel L. Krishel for Defendants and Respondents Henri Levy, Gabriel Perez and 4865 Bakman, LLC.

Hall Griffin, Howard D. Hall and Taylor R. Dalton for Defendants and Respondents Finance of America Commercial

LLC and Wilmington Savings Fund Society, FSB, as Trustee of Antler Mortgage Trust 2019-RTL1.

_____

Plaintiff and appellant Ron Hacker appeals from two judgments, one in favor of defendants and respondents Henri Levy, Gabriel Perez, and 4865 Bakman LLC (collectively, the Levy defendants), and one in favor of defendants and respondents Finance of America Commercial LLC (FOAC) and Wilmington Savings Fund Society, FSB (Wilmington).  Hacker contends the trial court erroneously granted summary judgment in favor of respondents, and also erred in granting an earlier motion for judgment on the pleadings in favor of FOAC.

Hacker's appellate briefing suffers from numerous serious deficiencies.  First, Hacker filed two opening briefs, one for each challenged judgment.  This court rejected the brief concerning the Levy defendants, advising Hacker of its policy that multiple notices of appeal from the same trial court case filed within 30 days of each other are combined into a single appeal, and therefore the appellant may file only one opening brief.  Hacker took no action to combine the substance of the two briefs into a single brief, or otherwise address the deficiency in the briefing, even after respondents' briefing argued the absence of a filed brief concerning the judgment in favor of the Levy defendants constituted forfeiture of Hacker's challenges to that judgment.  Thus, the only properly filed brief we have before us is the brief challenging the judgment as to FOAC and Wilmington.  Any challenge to the judgment in favor of the Levy defendants is forfeited.

Second, Hacker's arguments challenging the grant of summary judgment in favor of FOAC and Wilmington lack any citations to the record, and thus are forfeited as well.

Third, Hacker's arguments concerning the judgment on the pleadings are entirely conclusory, with no discussion of the operative pleading, and are insufficient to demonstrate error.

Accordingly, we affirm the judgments.

## BACKGROUND

Because we resolve this appeal based on deficiencies in Hacker's briefing, we provide only a brief summary of the case background.

On April 12, 2019, Hacker filed a lawsuit against Levy, 4865 Bakman LLC, and others arising from an alleged real property transaction. As summarized by the trial court, Hacker alleged he and Levy entered into a joint venture to purchase real property with the intent to resell it for a profit. Hacker alleged after he and Levy purchased the property, Levy and others clouded title to the property, impeding Hacker's ability to sell it.

Perez and FOAC were listed as defendants in the second amended complaint, and Wilmington later was added via a Doe amendment. The third amended complaint is the operative pleading for purposes of this appeal.

The trial court granted FOAC's motion for judgment on the pleadings, dismissing all causes of action against FOAC without leave to amend except the cause of action for judicial foreclosure.

FOAC and Wilmington later filed a motion for summary judgment on the remaining causes of action against them. The Levy defendants filed a separate motion for summary judgment on the causes of action against them.

The trial court granted both motions and entered two judgments, one in favor of FOAC and Wilmington, and one in favor of the Levy defendants.

## DISCUSSION

### A.    Appealability

Hacker filed notices of appeal after the trial court issued its order granting the summary judgment motions, but before the judgments were entered.  We exercise our discretion to "treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment."  (Cal. Rules of Court, rule 8.104(d)(2); see *Thompson v. Ioane* (2017) 11 Cal.App.5th 1180, 1189.)  Hacker's notices of appeal therefore are timely.

### B.    Hacker Has Failed Properly To Brief Any Argument Concerning the Levy Defendants

Respondents argue, and we agree, that Hacker has forfeited any argument concerning the Levy defendants by failing properly to brief his appellate challenges to the trial court's disposition of his claims against the Levy defendants.

Hacker submitted two opening briefs to this court, one challenging the judgment in favor of FOAC and Wilmington, and one challenging the judgment in favor of the Levy defendants. The clerk's office accepted the brief concerning FOAC and Wilmington, but rejected the brief concerning the Levy defendants, informing Hacker that he was entitled to file only one opening brief.  Rejection of the second brief was consistent with California Rules of Court, rule 8.200(a)(1), which provides,

4

"Each appellant must serve and file *an* appellant's opening brief." (Italics added.)[1]

Hacker's counsel then sent the clerk's office an e-mail noting Hacker had filed separate notices of appeal from the two judgments, and asked if the matter could be treated as two appeals. Hacker's counsel claimed because the two sets of respondents (the Levy defendants and FOAC/Wilmington) would each be entitled to file a respondent's brief, limiting Hacker to only one brief would prejudice him. A clerk responded by e-mail that because Hacker's two notices of appeal were filed within 30 days of one another, the practice of the court was to file them under a single case number with a single opening brief.

Hacker took no further action in response to this information from the clerk's office, such as filing an amended opening brief that combined the substance of his two original opening briefs. Even when respondents in their own briefing noted the absence of a properly filed brief regarding Hacker's claims against the Levy defendants, Hacker did nothing, and did not file a reply brief to address respondents' forfeiture claim.[2]

---

[1] When an appeal involves multiple appellants or multiple respondents, "[p]arties allied in interest . . . have the option of filing *individual* briefs or *joint* briefs." (Eisenberg et al., Cal. Prac. Guide: Civil Appeals and Writs (The Rutter Group 2022) Ch. 9-B, ¶ 9:79, p. 9-28; see Cal. Rules of Court, rule 8.200(a)(5).) It thus was permissible for the two sets of defendants in this appeal, the Levy defendants and FOAC/Wilmington, each to file its own respondent's brief. No rule, however, permits a single appellant to file multiple opening briefs on the basis that there are multiple respondents.

[2] Indeed, we granted Hacker an extension of time within which to file a reply, but none was forthcoming.

5

Accordingly, the only properly filed opening brief before us solely concerns the judgment in favor of FOAC and Wilmington, with no argument addressing the judgment in favor of the Levy defendants.

It is well established that failure to raise an issue in an opening brief forfeits the issue. (*Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 786 ["issues not addressed as error in a party's opening brief with legal analysis and citation to authority are forfeited"].) Because Hacker has failed to file a proper brief challenging the judgment in favor of the Levy defendants, any such challenge is forfeited. As noted above, Hacker has not filed a reply brief, and therefore offers no argument to the contrary.

There is sound policy behind the rule of accepting only one opening brief from a party. Even when a party appeals from multiple judgments in favor of multiple parties to a lawsuit, often the underlying facts and the applicable law overlap, and the requirement of a single brief prevents unnecessary duplication. To the extent the combined appeals present too many issues to address within the mandated word limits, a party may seek leave to file a longer brief. (Cal. Rules of Court, rule 8.204(c)(6).) Hacker therefore had options to comply with the court's single-brief requirement without suffering any prejudice. His failure to avail himself of any of those options forfeits his arguments concerning the Levy defendants.

## C. Hacker Forfeits His Challenge to the FOAC/Wilmington Summary Judgment Motion By Failing To Provide Record Citations

In an appeal from a grant of summary judgment, we review de novo whether the record presents a triable issue. (See *Wall*

6

*Street Network, Ltd. v. New York Times Co.* (2008)
164 Cal.App.4th 1171, 1176.) Hacker argues he presented
sufficient evidence to raise a triable issue as to whether FOAC
and Wilmington were on actual or constructive notice of Hacker's
claim to the property in dispute, such that FOAC and Wilmington
could not be deemed "a bona fide encumbrancer for value." To
demonstrate this evidence, Hacker lists a number of "key facts"
he contends show FOAC and Wilmington had actual or
constructive notice of his claim on the property.

As FOAC and Wilmington note in their respondents' brief,
Hacker fails to provide any record citations for his "key facts."
Such citations either are absent entirely, or state only "AE" (for,
we presume, "appellant's exhibits"), without any page or exhibit
numbers. The record here is substantial, consisting of over a
dozen volumes of appendices. The court " ' "cannot be expected to
search through a voluminous record to discover evidence on a
point raised by [a party] when his brief makes no reference to the
pages where the evidence on the point can be found in the
record." ' " (*Myers v. Trendwest Resorts, Inc.* (2009)
178 Cal.App.4th 735, 745.) "Rather than scour the record
unguided, we may decide that the appellant has forfeited a point
urged on appeal when it is not supported by accurate citations to
the record." (*WFG National Title Ins. Co. v. Wells Fargo Bank,
N.A.* (2020) 51 Cal.App.5th 881, 894–895.) We choose that course
here, and deem Hacker's arguments forfeited.[3]

---

[3] Given our conclusion that Hacker's lack of record
citations forfeits his challenge to the grant of summary judgment,
we express no opinion as to respondents' argument that Hacker
failed to provide an adequate record on appeal to support that
challenge.

7

**D. Hacker's Conclusory Arguments Are Insufficient To Demonstrate That the Trial Court Erred In Granting Judgment on the Pleadings**

Hacker contends the trial court erred in granting FOAC's earlier motion for judgment on the pleadings, which dismissed all but one cause of action against FOAC. Alternatively, Hacker argues the trial court should have granted leave to amend to address any deficiencies in the complaint. We review a judgment on the pleadings de novo to determine whether the complaint states a cause of action. (*Foundation for Taxpayer & Consumer Rights v. Nextel Communications, Inc.* (2006) 143 Cal.App.4th 131, 135.) " 'Denial of leave to amend after granting a motion for judgment on the pleadings is reviewed for abuse of discretion. [Citation.]' [Citation.]" (*Ibid.*)

Hacker does not explain how, contrary to the trial court's conclusion, he sufficiently stated causes of action against FOAC. He merely states that his "operative complaint clearly set forth sufficient facts to state viable claims against [FOAC]." Hacker does not discuss any specific allegations in the complaint to explain how they were sufficient or, if they were insufficient, amenable to amendment. Such conclusory argument is inadequate to demonstrate error. (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287 [appellate court "may disregard conclusory arguments that . . . fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt"].)

Hacker notes that the trial court's tentative ruling on the motion for judgment on the pleadings was more favorable to Hacker than the court's final ruling, in that the tentative ruling denied the motion as to several additional causes of action. "[A]

8

trial court retains inherent authority to change its decision, its findings of fact, or its conclusions of law at any time before entry of judgment and then, the judgment supersedes any memorandum or tentative decision or any oral comments from the bench." (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 268.) The mere fact that the trial court's ultimate ruling differed from its tentative ruling does not demonstrate error.

To the extent Hacker seeks to incorporate by reference the reasoning in the trial court's tentative ruling, he cannot do so. (*Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 854 ["It is inappropriate for an appellate brief to incorporate by reference arguments contained in a document filed in the trial court."].)

Hacker contends the trial court's tentative ruling "acknowledged" that his causes of action were amenable to amendment to address any deficiencies. Again, the fact that the trial court's final ruling reached a different conclusion than the court's tentative ruling does not, in itself, demonstrate error. Hacker, moreover, misreads the tentative ruling, which stated the trial court would grant leave to amend only if plaintiff "demonstrate[d]" at the hearing on the motion for judgment on the pleadings there was "a reasonable possibility of successful amendment." In other words, the trial court did not issue a tentative ruling on leave to amend, but left the issue for the hearing, ultimately deciding in its final ruling not to grant leave to amend.

## DISPOSITION

The judgments are affirmed.  All respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, Acting P. J.

We concur:


CHANEY, J.


WEINGART, J.