Filed 11/24/25  Sanchez v. Rojas CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| GRACIELA PEREZ SANCHEZ, | B338298 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV25871) |
| v. | |
| NOEL ROJAS, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Huey P. Cotton, Jr., Judge. Affirmed.

Singleton Schreiber and Benjamin I. Siminou; The Homampour Law Firm, Arash Homampour, Danielle Lincors, and Carolina E. Almenar; Salamati Law Firm and Sean F. Salamati for Plaintiff and Appellant.

McNeil Tropp & Braun, Jeff I. Braun and Stephen P. Reider for Defendant and Respondent.

Plaintiff and appellant Graciela Perez Sanchez (appellant) appeals from the trial court's judgment following defendant and respondent Noel Rojas's (respondent) successful demurrer. Appellant contends the California Supreme Court's decision in *Elden v. Sheldon* (1988) 46 Cal.3d 267 (*Elden*) wrongly precludes unmarried cohabitants from suing for loss of consortium and negligent infliction of emotional distress (NIED). As this court is bound by *Elden*, we affirm.

## BACKGROUND

**The traffic collision**

In February 2021, Genaro Hinojosa Luevano (Hinojosa) was driving a truck with a trailer going southbound on Sepulveda Boulevard. Hinojosa stopped the truck when he noticed a loud noise and sparks coming from the vehicle. The trailer had become detached and lain in the middle of the road. Hinojosa attempted to reattach the trailer. A nearby pedestrian, Hector Alvear, was walking with appellant and their daughter, Lizette Alvear.[1] Hector volunteered to assist Hinojosa reattach the trailer to the truck.

Respondent was traveling southbound on Sepulveda Boulevard towards Hinojosa's truck. Rojas collided with the trailer while Hector and Hinojosa were attempting to reattach it to the truck. Hinojosa was able to evade the impact, but Hector was stuck between the truck and the trailer and suffered catastrophic injuries. Appellant and Lizette both witnessed the incident. Appellant passed out and was hospitalized.

---

[1]     For purposes of clarity, Hector Alvear and Lizette Alvear will be referred to by their first names; we mean no disrespect.

2

**The complaint**

Hector, appellant and Lizette, brought suit against respondent and Hinojosa, among other defendants, in November 2021. In September 2023, a first amended complaint (FAC) was filed. The FAC contained causes of action for negligence; negligent hiring, supervision, or retention; loss of consortium; and NIED. The FAC alleged respondent was inattentive and unsafely operated his vehicle resulting in the collision with the trailer. It was also alleged Hinojosa negligently operated and maintained the truck and trailer.

Appellant and Lizette allegedly observed the entire incident and suffered serious emotional distress. Appellant also had a claim for loss of consortium. The FAC alleged appellant was the partner and significant other of Hector, but the two were not married.

**The demurrer**

In November 2023, respondent demurred to the FAC, asserting appellant's claims for loss of consortium and NIED failed to state a cause of action pursuant to Code of Civil Procedure section 430.10, subdivision (e). Respondent contended appellant could not plead the elements of these causes of action under *Elden* because she did not have a valid and lawful marriage with Hector. Respondent argued a cohabitant who is not the victim's spouse has no standing to sue for these claims regardless of the extent of their "marriage-like" relationship. Respondent asserted the right to recover for loss of consortium was founded on the relationship of marriage. Similarly, respondent argued a "bystander" NIED claim required the claimant to be closely related to the injured victim.

In opposition, appellant maintained she should have a right to bring a loss of consortium claim because the evolution thereof appeared to reflect the courts' efforts to adapt the common law to an everchanging society. Appellant noted cases that have expanded the loss of consortium cause of action. Appellant also noted the dissent in *Elden* highlighting the trend towards removing legal distinctions based on marital status burdening only the unmarried without advancing some corresponding societal interest. Appellant maintained she was not married to Hector at the time of the incident, but they have lived together continuously since 1998, have four children together, and were planning to get married on their 25th anniversary. Appellant posited she had a marital relationship with Hector despite not being legally married. Appellant asserted tort law's general goal of making a wrongfully harmed person whole weighed in favor of extending loss of consortium claims to cohabitors. As to appellant's NIED claim, she argued it was well pled because she witnessed the incident at the scene and suffered serious emotional distress.

In February 2024, the trial court sustained the demurrer without leave to amend. The court found appellant did not allege she was Hector's lawful wife or that they were married. While it was noted appellant advocated for a change in the law to account for modern views on romantic relationships, the court indicated appellant should take this issue up with the appellant courts because the trial court was obliged to follow established precedent. As to appellant's NIED claim, the court noted parties who were unrelated by blood or marriage also could not recover damages for NIED under *Elden*.

4

Judgment was entered on April 3, 2024. Appellant timely appealed.

## DISCUSSION

**The judgment must be affirmed because this court is bound by the California Supreme Court's decision in *Elden***

### I.    Standard of review

"On review from an order sustaining a demurrer, 'we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose.'" (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.) "We may also consider matters that have been judicially noticed." (*Ibid.*)

"A demurrer tests the legal sufficiency of the challenged pleading." (*Brown v. Los Angeles Unified School Dist.* (2021) 60 Cal.App.5th 1092, 1103.) "We accept as true all material facts properly pleaded in the complaint, but do not assume the truth of contentions, deductions, or conclusions of fact and law." (*Ibid.*) "The question of a plaintiff's ability to prove the allegations, or the possible difficulty in making such proof, does not concern the reviewing court and plaintiffs need only plead facts showing that they may be entitled to some relief." (*Ibid.*)

"When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment." (*Adams v. Bank of America, N.A.* (2020) 51 Cal.App.5th 666, 670.) "If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has

occurred." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "[T]he plaintiff has the burden of demonstrating that 'there is a reasonable possibility the plaintiff could cure the defect with an amendment.'" (*Foundation for Taxpayer & Consumer Rights v. Nextel Communications, Inc.* (2006) 143 Cal.App.4th 131, 135.)

## II.   *Elden* bars appellant's claims for loss of consortium and NIED because there was no lawful marriage

Appellant argues *Elden* wrongly precludes unmarried cohabitants from suing for loss of consortium and NIED because the harm to them is foreseeable and there are no overriding policy considerations justifying the denial of such claims. Appellant does however acknowledge *Elden* is binding on this court.

"The decisions of [the California Supreme Court] are binding upon and must be followed by all the state courts of California." (*Auto Equity Sales, Inc. v. Superior Court of Santa Clara County* (1962) 57 Cal.2d 450, 455.) "Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court." (*Ibid.*) "[A]n intermediate appellate court . . . is bound to follow precedential decisions of the California Supreme Court." (*Schulman v. Vera* (1980) 108 Cal.App.3d 552, 561.)

Here, appellant concedes this court must affirm the judgment. As an intermediate appellate court, we are bound by the California Supreme Court's precedential decisions. The *Elden* court held a plaintiff who witnessed the tortious injury of the person whom he or she shared a cohabitant relationship akin to a marital relationship could not recover damages for loss of

6

consortium or NIED. (*Elden, supra*, 46 Cal.3d at p. 269.) Based on our Supreme Court's precedential decision in *Elden*, we are bound to affirm the trial court's judgment. The judgment was based on the trial court's order sustaining respondent's demurrer for failure to state a cause of action for loss of consortium and NIED due to there being no lawful marriage between appellant and Hector. It is undisputed appellant and Hector were not married at the time of the incident. This matter therefore falls squarely within *Elden*.

Appellant asserts this court should encourage the California Supreme Court to overrule *Elden* because it may shed light on the issue underlying this case. We conclude it would not be helpful or appropriate to discuss the merits of this issue here. Thus, we decline appellant's request.

## DISPOSITION

The April 3, 2024 judgment is affirmed. The parties are to each bear their costs on appeal.


CHAVEZ, Acting P. J.

We concur:


RICHARDSON, J.                    GOORVITCH, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.