Filed 4/28/26  Engel v. Engel CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROBERTA MARK ENGEL, | B346269 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 24STCV16929) |
| v. | |
| GARY ENGEL, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel M. Crowley, Judge. Affirmed.

Law Offices of Lawrence P. House and Lawrence P. House for Plaintiff and Appellant.

Lewitt, Hackman, Shapiro, Marshall & Harlan and Thomas M. Morrow for Defendant and Respondent.

Plaintiff and appellant (appellant) Roberta Mark Engel appeals from the judgment of dismissal following defendant and respondent Gary Engel's (respondent) successful demurrer. Appellant contends the trial court erred in concluding the statute of limitations bars her claims, finding her prior declaration showed she knew respondent had exploited his patent for income and profits. We conclude appellant's causes of action are time-barred based on her prior declaration showing she had then known the facts constituting her claims. Thus, we affirm.

## BACKGROUND

### The divorce

Appellant and respondent were married on August 17, 1975, and divorced on December 17, 2013. During their marriage, respondent was a collector and renowned expert of Japanese baseball cards. Respondent also developed an invention in the field of orthodontics, which became the subject of a U.S. Patent, No. 5,278,756 (issued Jan. 11, 1994) ('756 patent).

In February 2019, appellant brought further court proceedings against respondent, filing a request for order regarding undisclosed assets and attorney's fees and costs. Appellant asserted she became aware in November 2018 of additional assets not disclosed and divided during the dissolution of marriage. The undisclosed assets included respondent's Japanese baseball cards and patents. The petition raised theories of fraud and breach of fiduciary duty, asserting respondent had duties of disclosing any transaction concerning community property.

Appellant submitted a declaration to support her petition, attesting to several facts regarding respondent's allegedly

2

undisclosed businesses and patents, including respondent and Marc Lemchen's 1985 cofounding of Dolphin Imaging Systems (Dolphin Imaging) and their creation of new technology. Before Dolphin Imaging was formed, respondent had a company called Sonrisa Systems Inc., which became Dolphin Imaging. Respondent hid his involvement in Dolphin Imaging during his marriage with appellant. While at Dolphin Imaging, respondent helped co-author domestic and international patents, 3D technologies, and software that helped in all areas of dental specialty practice. By 1995, respondent was president of Dolphin Imaging and worked to form a limited liability company for the business. In 1998, Dolphin Imaging was dissolved and assumed by Dolphin LLC. Dolphin LLC operated until 2009 when Patterson Dental acquired it as a standalone subsidiary and designated Chester Wang as subsidiary president. At that time Dolphin LLC already had its manufacturing at Patterson Dental's facility. Wang told a private investigator hired by appellant that he offered to buy Dolphin LLC and respondent accepted. Wang claimed, however, he did not pay to acquire the company and instead agreed to reimburse respondent for money "he 'borrowed from his mother.'" Respondent told appellant this money "never changed hands" when he left the company.

After appellant discovered the sale of Dolphin LLC, she investigated how respondent could hide large sums of money and discovered various trusts and a real property disposition that had not been disclosed in the divorce proceedings. Appellant found Wang never purchased Dolphin LLC, and respondent remained a major stakeholder. Appellant averred respondent likely received substantial income from the software and patents he helped develop and from Dolphin LLC being sold to Patterson Dental for

3

approximately $42 million. Appellant's declaration also referenced and attached a letter from her attorney to respondent's then-attorney that discussed undisclosed assets and stressed that appellant did not waive respondent's fiduciary obligation. Appellant's counsel thanked respondent's counsel in the letter for providing "the Dolphin paperwork" and asked, "Is Mr. Engel willing to put under oath that he never received a dime beyond that Asset Purchase Agreement for Dolphin, patents, etc?"

Following a hearing held on appellant's petition in April 2019, the trial court issued a stipulated findings and order dismissing appellant's petition with prejudice. The order indicated appellant shall not request the relief set forth in her petition, and the parties were to bear their own associated attorney's fees and costs. Each party stipulated to the dismissal.

**The lawsuit**

In July 2024, appellant filed a lawsuit against respondent asserting three causes of action for extrinsic fraud, breach of fiduciary duties, and intentional infliction of emotional distress. Appellant alleged respondent defrauded her and breached his fiduciary duties throughout their marriage by actively concealing the scope of his baseball card business, his development of the invention in orthodontics and the associated '756 patent, and his business of purchasing and selling real estate. Respondent allegedly kept secret his involvement in and the assignments of the '756 patent until late 2023 when appellant learned of the invention and its potentially high value.

Appellant alleged she discovered the fraud in December 2023 when she learned her dentist used Patterson Dental Unit equipment. Appellant became more intrigued by this discovery

when she later saw an advertisement by Lemchen on the Web site LinkedIn discussing an application he and Wang created on behalf of Dolphin LLC. Appellant alleged she was jarred by the advertisement due to respondent's representation he received no money from Wang for Dolphin LLC, which was supposedly a "gift." Appellant realized respondent could not simply have given the company to Wang because he co-owned it with Lemchen. Respondent allegedly represented to appellant there were no businesses in which he was involved that were not disclosed during their marriage. Appellant alleged respondent represented he was not involved in Dolphin LLC or its patents.

Appellant further alleged, despite respondent's representations, he was critical to forming Dolphin Imaging and its operation and patents because he cofounded and was an officer of the company. Appellant alleged she realized respondent was part of Patterson Dental and a coholder of the patent with Lemchen.

In August 2024, respondent filed a demurrer to the complaint. Before the trial court ruled on the demurrer, appellant filed an amended complaint (FAC) in October 2024.

**The demurrer to the FAC**

In November 2024, respondent filed a demurrer to the FAC. Respondent contended the statute of limitations bars all of appellant's three causes of action. Respondent argued the one-year statute of limitations under Family Code section 2122 bars appellant's first and second causes of action for extrinsic fraud and breach of fiduciary duties. Respondent argued the documents appellant filed in the 2019 proceeding show she knew as of February 21, 2019, the alleged facts constituting her claims for fraud and failure to comply with the applicable disclosure

requirements. In particular, respondent noted appellant's February 2019 declaration demonstrates she knew respondent cofounded Dolphin Imaging and co-authored its patents, that Patterson Dental acquired Dolphin Imaging, and respondent likely received substantial income due to the patents he helped develop. Respondent asserted appellant's lawsuit was over five years late given she knew these facts underlying her claims in February 2019.

As to the third cause of action for intentional infliction of emotional distress, respondent argued it is barred by the two-year statute of limitations under Code of Civil Procedure section 335.1 because there were no facts alleged showing the parties have even been in each other's presence within two years of the action.

Respondent also posited the doctrine of res judicata bars appellant's claims, arguing the 2013 judgment of dissolution and the 2019 stipulated findings and order constitute a final judgment on the merits barring further litigation of the same causes of action.

In opposition, appellant contended her 2019 declaration includes only general facts and does not demonstrate her knowledge of the '756 patent at the time. Appellant maintained the declaration shows only she knew the company respondent cofounded, was aware Dolphin Imaging created new technology, and later learned more information about Dolphin Imaging. Appellant claims it cannot be concluded from her declaration that she was well informed of the '756 patent, the manner and extent of the patent's exploitation, or the revenue the patent generated throughout its existence. As to res judicata, appellant argued it

6

does not apply because the parties did not previously litigate respondent's fraudulent concealment of the '756 patent.

The demurrer was heard in February 2025. The trial court sustained the demurrer without leave to amend as to all three causes of action of the FAC, finding them barred by the statute of limitations. As to the first and second causes of action for extrinsic fraud and breach of fiduciary duties, the court found appellant's February 2019 declaration shows she knew of the facts constituting her claims. Namely, the court indicated appellant knew respondent developed the invention for which a patent was granted and Patterson Dental held the patent in 2019. As to the third cause of action for intentional infliction of emotional distress, the court found appellant knew or should have known of respondent's alleged conduct as early as nine years earlier based on her prior declarations.

Judgment was entered on March 18, 2025. Appellant timely appealed.

## CONTENTIONS ON APPEAL

Appellant asserts two main arguments. First, appellant contends the trial court erred in taking judicial notice of her prior declarations in the divorce proceedings to conclude the statute of limitations bars her claims. Appellant argues the court erroneously interpreted her declaration statements to find she had knowledge respondent concealed his exploitation of the patent. Second, appellant asserts the court erred in denying leave to amend and not allowing her to plead more specific facts showing she was not truly aware of respondent's concealment of the profits from his patent.

7

**DISCUSSION**

## I. Standard of review and applicable law

"On review from an order sustaining a demurrer, 'we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose.'" (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.) "We may also consider matters that have been judicially noticed." (*Ibid.*)

"A demurrer tests the legal sufficiency of the challenged pleading." (*Brown v. Los Angeles Unified School Dist.* (2021) 60 Cal.App.5th 1092, 1103.) "We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken." (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 111.) "The question of a plaintiff's ability to prove the allegations, or the possible difficulty in making such proof, does not concern the reviewing court and plaintiffs need only plead facts showing that they may be entitled to some relief." (*Brown, supra*, at p. 1103.)

"When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment." (*Adams v. Bank of America, N.A.* (2020) 51 Cal.App.5th 666, 670.) "If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "[T]he plaintiff has the burden of demonstrating that 'there is a reasonable possibility the plaintiff could cure the defect with an amendment.'" (*Foundation for Taxpayer & Consumer*

8

*Rights v. Nextel Communications, Inc.* (2006) 143 Cal.App.4th 131, 135 (*Foundation*).)

## II. The trial court did not err in sustaining the demurrer on the ground the statute of limitations bars appellant's claims

### A. *It was not error to take judicial notice of appellant's prior declaration*

Appellant contends the trial court erroneously took judicial notice of appellant's prior declarations in the divorce proceedings to conclude the statute of limitations bars her causes of action. Appellant argues the court erred in concluding her causes of action for extrinsic fraud and breach of fiduciary duties accrued in 2019 by interpreting her statements to mean she knew respondent concealed his exploitation of the '756 patent.[1] We disagree.

"As a general rule in testing a pleading against a demurrer the facts alleged in the pleading are deemed to be true, however improbable they may be." (*Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604 (*Del E. Webb*).) "The courts, however, will not close their eyes to situations where a complaint contains allegations of fact inconsistent with attached documents, or allegations contrary to facts which are

---

[1] Appellant's appellate briefs do not include discussion of the order sustaining the demurrer as to her third cause of action for intentional infliction of emotional distress. Thus, we conclude appellant waived this issue. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."].)

9

judicially noticed." (*Ibid*.) "Thus, a pleading valid on its face may nevertheless be subject to demurrer when matters judicially noticed by the court render the complaint meritless. In this regard the court passing upon the question of the demurrer may look to affidavits filed on behalf of plaintiff, and the plaintiff's answers to interrogatories [citation], as well as to the plaintiff's response to request for admissions." (*Ibid*.)

"The court will take judicial notice of records such as admissions, answers to interrogatories, affidavits, and the like, when considering a demurrer, only where they contain statements of the plaintiff or his agent which are inconsistent with the allegations of the pleading before the court." (*Del E. Webb, supra*, 123 Cal.App.3d at pp. 604–605; see *Bockrath v. Aldrich Chemical Co.* (1999) 21 Cal.4th 71, 83 ["It is true, as the Court of Appeal observed, that a complaint's allegations may be disregarded when they conflict with judicially noticed discovery responses."].) "[T]he plaintiff *may not plead facts that contradict the facts or positions that the plaintiff pleaded in earlier actions or suppress facts that prove the pleaded facts false.*" (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877.)

We conclude the trial court properly took judicial notice of appellant's February 2019 declaration and the facts therein are inconsistent with the allegations in the operative complaint in this case. Appellant alleges in this lawsuit she only discovered the relationship between Patterson Dental and Dolphin Imaging in December 2023. The FAC indicates appellant learned of the nexus between respondent's invention, Patterson Dental, Dolphin Imaging, Lemchen, and Wang from Lemchen's advertisement on Linkedin regarding an application he and Wang created on behalf of Dolphin LLC. Appellant was allegedly jarred by the

10

advertisement because respondent had represented to appellant he gifted Dolphin Imaging to Wang, receiving no money in return. Appellant alleges she realized respondent could not simply gift the company to Wang because he did not own it in its entirety.

Appellant stated in her February 2019 declaration that Dolphin LLC operated until 2009 when Patterson Dental acquired it as a standalone subsidiary, with Wang becoming subsidiary president. Appellant attested Dolphin LLC already had its manufacturing at Patterson Dental's facility. Appellant averred Wang never purchased Dolphin LLC, and respondent remained a major stakeholder. Appellant stated respondent likely received substantial income from the software and patents he helped develop and the sale of Dolphin LLC to Patterson Dental. Appellant attested the acquisition of Dolphin LLC totaled approximately $42 million. Appellant's declaration also included her attorney's letter to respondent's attorney at the time, which contained language suggesting appellant was aware respondent had financially gained from the acquisition and patents.

Appellant maintained the foregoing facts were all within her personal knowledge. Accordingly, appellant's declaration shows, contrary to her allegations in this lawsuit, she knew of the relationship involving Patterson Dental, Dolphin Imaging, patents respondent co-authored, and the abovementioned individuals. Appellant now claims she was unaware Wang did not purchase Dolphin LLC, despite her directly attesting in February 2019 that Wang did not purchase the company, and respondent remained a major stakeholder. Further, appellant's declaration shows she knew Patterson Dental acquired Dolphin LLC, the approximate value of the acquisition, and that Dolphin

11

LLC's manufacturing was already at Patterson Dental's facility. Therefore it was entirely proper to take judicial notice of the facts in the declaration as they are entirely at odds with the FAC's allegations regarding appellant's discovery of the fraud or perjury.

### B. *The statute of limitations bars appellant's claims because she knew of the facts constituting the claims*

Under Family Code section 2122, subdivision (a), "[a]n action or motion based on fraud shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the fraud." Under section 2122, subdivision (f), "[a]n action or motion based on failure to comply with the disclosure requirements shall be brought within one year after the date on which the complaining party either discovered, or should have discovered, the failure to comply."

"[Family Code] [s]ection 2122 is analogous to Code of Civil Procedure 338, subdivision (d), pertaining to the statute of limitations for *fraud.*" (*Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1149 (*Rubenstein*).) "[Code of Civil Procedure] [s]ection 338, subdivision (d), provides: 'The cause of action ... is not to be deemed to have accrued until the discovery, by the aggrieved party [or his or her agent], *of the facts constituting the fraud ... .*'" (*Ibid.*) "[U]nder [Family Code] section 2122, as under Code of Civil Procedure section 338, subdivision (d), it is the discovery of the *facts* constituting the fraud or perjury that triggers the running of the statute of limitations." (*Ibid.*)

The pleadings and judicially noticeable facts show the statute of limitations bars appellant's claims because she knew of the facts constituting the fraud or perjury no later than February

12

21, 2019.[2] Appellant's February 2019 declaration shows she knew respondent cofounded Dolphin Imaging and co-authored domestic and international patents for the company. Further, appellant's statements demonstrate she was aware Wang did not purchase Dolphin LLC, and respondent remained a major stakeholder of the company. Appellant's declaration shows she knew of Patterson Dental's acquisition of Dolphin LLC and the approximate value thereof. Appellant attested respondent hid his involvement with Dolphin Imaging during the marriage and did not disclose the foregoing facts regarding his businesses during the divorce proceedings. Appellant also attested to various trusts respondent formed, which she believed helped him hide the money he received from the acquisition and patents. Appellant's declaration demonstrates her knowledge respondent gained income or profited from his patents with Dolphin Imaging and did not disclose such facts in the divorce proceedings.

Appellant contends it cannot be concluded from her February 2019 declaration that she knew respondent exploited and derived income from the '756 patent. Appellant's claim accrued, however, when she discovered *the facts constituting* the fraud or perjury. (See *Rubenstein, supra*, 81 Cal.App.4th at p. 1149.) As discussed above, appellant knew respondent cofounded and was significantly involved in Dolphin Imaging,

---

[2] Appellant maintains the trial court never specifically found she had knowledge of respondent's exploitation of the '756 patent. Such factor is not determinative, however, because the February 2019 declaration appellant filed conflicts with her allegations in the FAC and show she had knowledge that respondent did not disclose his financial gain from his patents with Dolphin Imaging.

13

developed patents for the company, was a major stakeholder in the later formed Dolphin LLC when it was acquired by Patterson Dental, and never disclosed any assets from these endeavors during the divorce proceedings. Appellant had determined respondent likely received substantial income from the patents he helped develop and his company being sold to Patterson Dental. These same general set of facts underlie appellant's causes of action for fraud and breach of fiduciary. While the FAC focuses on the '756 patent, it does not identify any new facts appellant only later discovered that are essential for her claims. Appellant fails to demonstrate why she could not have brought her causes of action several years earlier based on the facts she knew in February 2019. Indeed, appellant asserted the same theories of fraud and breach of fiduciary duties to bring her February 2019 petition regarding undisclosed assets. Even if appellant had not yet pieced together all of the facts and was unaware she had a cause of action, it does not establish appellant had no knowledge of the facts constituting her claims.

Thus, appellant's causes of action accrued no later than the date of her prior declaration, February 21, 2019. Appellant had one year under Family Code section 2122, subdivisions (a) and (f), to bring her causes of action for fraud and breach of fiduciary duty. Appellant filed this action over five years later on July 9, 2024. The statute of limitations had long expired when appellant brought this lawsuit.

In short, appellant's pleadings and prior declaration show the statute of limitations bars her causes of action.[3] Appellant's

---

[3] Respondent also contends the doctrine of res judicata bars appellant's claims because the 2013 judgment of dissolution and

February 2019 declaration makes clear she knew several years prior to filing her action, the general set of facts constituting the fraud or perjury upon which her claims are based. Appellant knew as early as 2019 about respondent's involvement in Dolphin Imaging and its patents and that he likely gained substantial income from such endeavors, facts that were never disclosed during the divorce proceedings. While the instant action focuses on the '756 patent, there are no allegations establishing why appellant could not have brought her causes of action sooner. By the time appellant filed her action, the one-year limitations period under Family Code section 2122, subdivisions (a) and (f), had long expired. Accordingly, the trial court did not err in sustaining the demurrer on the ground appellant's claims are time-barred.

### C.   *Appellant fails to show her pleadings can be sufficiently amended*

Appellant asserts she should have been given leave to amend her pleadings to allow her to plead more specific facts that would show why she was not truly aware of respondent's concealment of the profits from the patent. Appellant fails to present here any facts demonstrating she has a reasonable possibility of curing the defect with an amendment. As discussed above, the claimant has the burden to show if there is a reasonable possibility the pleading defect can be cured. (See *Foundation, supra*, 143 Cal.App.4th at p. 135.) Appellant does

---

the 2019 stipulated findings and order constitute a final judgment on the merits barring further litigation of the same causes of action. Since we conclude appellant's claims are time-barred and the demurrer was properly sustained, we need not delve into the issue of res judicata here.

not meet this burden because she has presented no amendments or facts she can allege to establish she has a reasonable possibility of curing the pleading defect. Thus, appellant has failed to show it was error to deny leave to amend.

## DISPOSITION

The March 18, 2025 judgment is affirmed. Respondent is awarded his costs on appeal.


CHAVEZ, J.


We concur:


LUI, P. J.


RICHARDSON, J.

16